## The Borough of Freeport *versus* Marks.

59   253
f39SC³  3

1. In a suit against a borough on a bounty bond, there was evidence that its consideration had been paid by a committee of citizens who obtained it as a loan to the borough, to a *receiver* appointed by the council. The fact that the borough afterwards recognised the payment and issued the bond, was an admission that the payment was well made, that the persons receiving had authority and that the money was properly applied. Per Buffington, P. J.

2. The bond being under seal implied a full and valuable consideration, and it was to be presumed that the money had been paid. To rebut this would require evidence to satisfy the jury that it had not been paid. Per *Id.*

3. The motives of members of council or the influences under which they acted, cannot be brought to nullify an ordinance within their corporate powers duly passed in legal form at a meeting regularly convened.

4. The legality of the acts of legislative or corporate bodies cannot be tested by the motives of individual members, or of the adventitious circumstances they may lay hold of to carry their measures.

5. In a suit by the holder of the bond, evidence that the money had been paid to a receiver whilst there was a solvent borough treasurer, was inadmissible, if the money went to the use of the borough and was ratified by the corporate authorities.

October 27th 1868.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Armstrong county :* No. 130, to October and November Term 1867.

This was an action of debt to December Term 1866, by Samuel Marks against the borough of Freeport.   The suit was on a bond or certificate of indebtedness, dated July 1st 1865, signed by J. G. Epler Burgess, and attested by Wilson Sproul, secretary, under the corporate seal.   By the instrument the borough promised to pay to the plaintiff $100, with interest, in one year after date, "under the authority granted by the Act of Assembly, entitled 'An Act relating to the payment of bounties to volunteers,' approved March 25th 1864."

Interest coupons were attached to the bond.

The plaintiff gave the bond in evidence; also minutes of the town council of Freeport, held August 25th 1864, showing a special meeting called "at the request of many citizens," by the assistant burgess, Joseph Anthony, the chief burgess being absent."

There were present the assistant burgess and six councilmen. A petition of citizens of Freeport was presented, asking the passage of an ordinance levying a bounty tax of $300 for each man necessary to fill the quota of the borough for military service.   A resolution was passed in accordance with the prayer of the petition, by a vote of 6 to 2.   It was further directed that the bonds be issued in sums of $50 and $100, and divided into classes in such manner that one-fifth shall become

due every year for five years.  At another special meeting, on the 29th of the same month, called, as the preceding one, " to consummate the business of the special meeting of the 25th inst. :" at which the assistant burgess and five councilmen were present, an ordinance was passed reciting that a majority of the enrolled citizens of the borough had agreed to pay a bounty of $300 to each soldier volunteering in order to clear the draft ordered for September 5th 1864; that voluntary contributions would be unjust and unequal, as some would refuse to contribute, and justice will be secured by an assessment on all; it was therefore ordained that the "burgess and council" should borrow money sufficient for the object, and issue bonds signed by the burgess or assistant burgess, under the borough seal, and attested by the clerk, payable in five annual instalments, with interest coupons attached, and that the burgess and council should levy a tax to pay the bounties, which should be collected by a collector appointed by the council and paid to the borough treasurer for the payment of the bonds and interest; with a proviso that any person who should advance any money for the above purposes, and pay it to a person to be then appointed by the council, on a certificate of the payment being given by such person, the burgess or assistant burgess should deliver to the person advancing the money a bond for the amount, which the holder might collect from the borough.  W. D. Louther was appointed receiver of the money so advanced.  The charter authorized the election of six members of council.  The persons present at the passage of the ordinances were members of council at that time.  Epley was elected burgess in 1865.  Louther testified that the money advanced was paid to the committee, and by the committee to him, and he issued the certificates on the information of the persons paying him the money; he paid the money out to the soldiers.  The bonds were given upon the certificate of Louther, and were signed and delivered according to the terms of the ordinance.

The defendant, after giving some evidence as to the meetings of the borough council, &c., and proving that there was a borough treasurer who was solvent, offered to prove that the money was furnished by plaintiff before the passage of the ordinance of 29th August 1864, to a bounty committee, without any agreement with the corporate authorities; that the meeting to pass the ordinance was brought about by the bounty committee, in the absence of the burgess, and with design to prevent any opposition to its passage, and to impose the burden upon said borough; that the bond to plaintiff was issued in 1865, without any evidence of indebtedness due to Marks; and that in fact no money ever passed from him into the treasury of said borough.  This offer is intended

to show fraud in the passage of the ordinance and issuing of the bond in suit.

Also, that the meeting of the 29th August 1864 was brought about and called by men who had voluntarily advanced money to pay bounties without any agreement with the corporate authorities, and that some of the members of the council were acting in the interest of said parties, and called the meeting with full knowledge of the absence of the burgess, and at an hour when he could not be present, for the purpose of preventing opposition to the passage of the ordinance given in evidence.

Also, that the money for which the bonds issued by the corporate authorities of Freeport was not borrowed by the corporate authorities, but by private individuals, on their credit; and that the same was not paid into the borough treasury, nor disbursed by the corporate authorities.

All the offers were rejected, and several bills of exception sealed.

The defendant submitted a number of points.

The 3d, 6th and 10th, with their answers by Buffington, P. J., are as follows, viz. :—

3. "Money paid to W. D. Louther was a voluntary payment, and imposed no legal obligation upon the corporate authorities."

Answer: "The bond in suit being under seal, implied a full and valuable consideration, and it is presumed that the money was fully and fairly paid and furnished. To rebut this presumption requires evidence to the satisfaction of the jury that the money was not paid. There is evidence here that the money was not paid to the regular treasurer; but there is evidence that a special receiver was either appointed or recognised by the borough authorities. And the fact that the borough authorities afterwards recognised the payment, and gave the bond, was an admission that the payment was well made; that the persons receiving had authority; and that the money was properly applied to the purposes designed.

"Still it is a question for the jury to decide, whether the plaintiff paid any money for the bounty fund. If he did not—if he gave no consideration—he ought not to recover. But if he furnished the money in good faith, and paid it to a receiver or person appointed or recognised by the council, and it was after that recognised by giving the bond, although there may have been some irregularity, in the confusion of the times, we think it would be sufficient. With this explanation, this point is answered in the negative."

6. ".If the jury believe from the evidence that the money in suit had been advanced by plaintiff to a bounty committee prior to 29th August 1864, without any agreement with the corporate

[Borough of Freeport *v.* Marks.]

authorities that the same should be repaid, then he cannot recover in this case.

Answer: "This point is answered in the negative if done by the authority of, or even subsequently ratified by, the defendant."

10. "Under the laws regulating the raising of bounties, all moneys borrowed must be paid into the corporate treasury, and be disbursed through it, and the evidence in this case is that no part of the money raised in this case ever went into the treasury, and therefore the burgess and town council had no power to issue any bonds or obligations therefor."

Answer: "The Act of Assembly requires the money to be paid into the treasury. But the payment to a receiver, which if the jury believe went to the bounty fund contemplated by the ordinance, and the subsequent ratification by issuing the bond, would cure any mere irregularity. The point is therefore answered in the negative, as a mere difference in the mode of payment, if ratified, would not vitiate the bond."

The verdict was for the plaintiff for $113.72.

On writ of error to the Supreme Court by defendant, the 3d, 6th and 10th assignments of error were the answers to the points; and the 11th, 12th and 13th, were the rejection of the offers of evidence.

*Golden & Neale*, for plaintiff in error.—The Bounty Act of March 25th 1864, Pamph. L. 85, Purd. 1364, pl. 120, and its supplements, do not impose obligations on municipal authorities, they merely allow them to incur them: Mifflin Sch. D. *v.* Learn, 3 P. F. Smith 180; Debolt *v.* Dunkard Sch. Dist., Id. 214; Meek *v.* Bayard, Id. 217; Foulke *v.* W. Bethlehem, Id. 221; Tyson *v.* Halifax, 1 Id. 9; W. Donegal *v.* Oldweiler, 5 Id. 257; Guilford *v.* Zumbro, Id. 432; Musser *v.* Furgeson, Id. 466. If they had not the power before, they could not ratify them by a subsequent act: Mercer Co. *v.* P. & E. Railroad, 3 Casey 390; Penna. Railroad *v.* Zebe, 9 Id. 323.

*J. Gilpin* (with whom was *D. Phelps*), for defendant in error, cited Speer *v.* Blairsville, 14 Wright 150.

The opinion of the court was delivered, November 5th 1868, by

AGNEW, J.—Of the numerous assignments of error to the charge of the court in reply to the defendant's points, the plaintiff in error insists upon the 3d and 6th only. The 3d was fully and correctly answered, and the facts fairly submitted to the jury upon the very marrow of the plaintiff's case, to wit, the consideration furnished by him for the bond, and the recognition of it by the corporate authorities. The 6th point was also answered correctly in view of the evidence of the payment of the money

[Borough of Freeport v. Marks.]

of the plaintiff through the committee who had the subscriptions in charge to the authorized receiver, and the recognition of it by the counsel in issuing the bond for it, thus evidencing a ratification of the payment to the receiver under the second branch of the answer.

The principal questions arise under the bills of exceptions contained in the 11th, 12th and 13th assignments of error, all of which can be conveniently considered together. They presented two substantial propositions of proof: First, to show that the passage of the ordinance for the borrowing of the money and issuing of bonds, was brought about through interested motives at the instance of the persons advancing the money, whose influence was exerted upon the members of the council, some of whom were subscribers to the bounty fund.

There was no offer to show that the plaintiff was guilty of any fraud or collusion which would affect the good faith of his subscription and payment of money, or its appropriation to the use of the borough, nor was there any evidence of it. The motives of the members of the council, or the influences under which they acted, cannot be brought to nullify an ordinance duly passed in the legal forms of borough legislation, at a meeting regularly convened for the purpose and within the scope of their corporate powers. The assistant burgess being competent to act, the legality of the action of the council cannot be assailed because the friends of the measure, taking advantage of the accidental absence of the chief burgess, chose to assemble and pass the ordinance, if the meeting was duly convened. The legality of the acts of legislative or of corporate bodies cannot be tested by the motives of the individual members, or the adventitious circumstances they may lay hold of to carry their measures, provided they proceed regularly and act within the scope of their powers. If they be regularly convened, if the purpose be lawful and if their acts are passed in due form of law and within the scope of their authority, persons who lend their money on the faith of such acts, or do other lawful things in a just reliance upon their validity, cannot be affected by the secret springs of corporate action, and the public faith cannot be tarnished by the unseen influences surrounding it. We see no error in the rejection of the offer thus made, and for this purpose.

The other proposition was in substance to prove that the money of the plaintiff given as the consideration of his bond, did not pass into the treasury of the borough as distinguished from payment to the receiver appointed by the council. This is rendered obvious by the entire course of the trial. It was not a disputed fact that Louther, the receiver, had received large sums of money which he paid out for bounties, and that the bonds were issued upon his certificates of payment by the parties advancing the

9 P. F. SMITH—17

[Borough of Freeport *v.* Marks.]

money. As a part of the evidence to raise the point, the defendants proved that there was a borough treasurer who was entirely solvent. Then, in the defendants' 3d point, the court was asked to charge that the money paid to Louther was a voluntary payment and imposed no obligation on the corporate authorities. And in the 10th point the position was taken that all moneys borrowed for bounty purposes must be paid into the " corporate treasury," and be disbursed through it; and the *evidence showing* (the point proceeds to say) that the money was not paid into the treasury, there was no power to give the bond for it.

The defendants did not offer to contradict the testimony as to the payment to Louther, or to show that the plaintiff's money had not gone to the use of the borough, but the offer was simply to prove that it had not gone through the channel of the borough treasury. And the 3d bill of exception is but a substantial repetition of the same offer, in terms less specific than the 1st. It did not propose to prove the case specially against the plaintiff, but generally that the money on which the issue of the bonds was founded was not borrowed by the corporate authorities, but by private individuals on their credit, and that the same was not paid into the borough treasury nor disbursed by the corporate authorities. There being no offer to contradict the fact that the money, though originally paid to a committee of the subscribers, had passed through the hands of an appointed receiver, and was disbursed by him to the use of the borough, the court doubtless thought this was but a substantial repetition of the former offer, and rested on the same idea, which the counsel entertained and afterward pressed upon the court, that a sound legal distinction exists between payment into and out of the corporate treasury and payment to and by an appointed receiver, who is not a public officer.

But the court correctly thought, in a question of consideration merely, where the money went to the actual use of the borough, and the payment was ratified by the corporate authorities by issuing the bond for it, that the distinction was unsound and the evidence therefore immaterial. In this we discover no error, and the offers made under these circumstances were properly rejected. A specific offer to show that the plaintiff's money had never gone into the hands of the receiver, and had not been disbursed by him in payment of bounties, would doubtless have been received to show want of consideration for the bond issued to him.

Judgment affirmed.