Ervin Hohensee et al., Plaintiffs *v.* Milton Shapp et al., Defendants.

Argued September 13, 1978, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Rogers, Blatt, DiSalle and Craig. Judges Wilkinson, Jr. and MacPhail did not participate.

*Ervin Hohensee, Perry Carbino* and *Raymond DiRoberto,* plaintiffs, for themselves.

*G. Alan Kramer,* Deputy Attorney General, *Norman J. Watkins,* Deputy Attorney General, *Gerald Gornish,* Acting Attorney General, *Thomas L. Wenger,* and *Gerald P. Kupris,* for defendants.

480

PER CURIAM OPINION, December 19, 1978:

Plaintiffs, acting pro se, filed a complaint in assumpsit, apparently seeking to invoke the original jurisdiction of this Court as defined in Section 401(a)(2) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, now Section 761 of the Judicial Code, 42 Pa.C.S. §761. Plaintiffs allege defendants entered into a conspiracy to defraud the taxpayers of the Commonwealth. The goal of the conspiracy, it is alleged, was to increase the salaries of defendants Jacobs, Descano and Forbes, members of the Pennsylvania Board of Probation and Parole, despite Article III, Section 27 of the State Constitution which forbids increases or reductions in State officials' salaries during the terms for which they were elected or appointed. The means employed to achieve this end required that defendants Jacobs, Descano and Forbes resign their positions on the Board, that defendant Shapp reappoint them to their former posts at greatly increased salaries and that the Senate confirm these appointments. Defendants Andrews and Coppersmith are two of the thirty Senators who voted in favor of the appointments.

Defendants have filed numerous preliminary objections. Several points of contention could be remedied by amendment, but it appears to us that no degree of reformation will permit plaintiffs to state a cause of action for which relief could be granted. We shall, therefore, dismiss the complaint.

Plaintiffs seek to allege a civil conspiracy by the defendants. Such a conspiracy has been defined by the Pennsylvania Supreme Court as "a combination or agreement between two or more persons to do an unlawful thing, or to do a lawful thing in an unlawful manner." *Ballantine v. Cummings*, 220 Pa. 621, 630, 70 A. 546, 549 (1908). Such a charge "must be proven

by substantive facts, not by disconnected circumstances, any one of which, or all of which are more consistent, or just as consistent, with a lawful purpose as with an unlawful undertaking." *Ballantine v. Cummings, supra* at 632, 70 A. at 550.

As to defendants Fineman and Hilton, the complaint is clearly insufficient to state a cause of action. The pleading fails to indicate any action by either of these men which would tend to implicate them in the formation or implementation of the alleged conspiracy. It, thus, does not comply with the basic standard established by Pa. R.C.P. No. 1019(a) and shall be dismissed as to these two individuals. *See Baker v. Rangos,* 229 Pa. Superior Ct. 333, 324 A.2d 498 (1974).

The allegations against defendant State Senators Andrews and Coppersmith are also insufficient to sustain a claim against them. The Supreme Court has stated: "The legality of the acts of legislative . . . bodies cannot be tested by the motives of the individual members, or the adventitious circumstances they may lay hold of to carry their measures, provided they proceed regularly and act within the scope of their powers." *Borough of Freeport v. Marks,* 59 Pa. 253, 257 (1868). Plaintiffs do not allege any impropriety in the procedure leading to the confirmation of the Board members, but rather point only to the defendants' affirmative votes. Thus, there is no basis upon which to conclude that a cause of action has been stated against defendants Andrews and Coppersmith.

The remaining four defendants are presumably the nucleus of the alleged conspiracy. However, none of their actions as alleged by plaintiffs constitutes wrongful acts. Nor would their actions be the basis of the harm alleged by plaintiffs. The resignations and subsequent appointments were legal. It remained for the Senate in its discretion to confirm or disapprove the

nominees as members of the Board. Any harm to plaintiffs was not caused by the actions of defendants Shapp, Descano, Forbes and Jacobs. Rather, it was the independent action of the Senate confirming the appointments which determined who would be Board members. Thus, no cause of action is stated against the remaining defendants.

In light of these conclusions, it is unnecessary for us to address the remaining preliminary objections.

Judge DiSalle concurs in the result only.

ORDER

Now, December 19, 1978, the preliminary objections of the defendants are hereby sustained, and the plaintiffs' complaint in assumpsit is dismissed.