# Frederick Street.  Young's Appeal.

*Streets—Borough Ordinance—Objections—Practice.*

Objections to an ordinance providing for the widening of a street, on the ground that it was passed in the interest of one land owner only, must be made by an appeal to the quarter sessions. They cannot be raised on exceptions to the report of viewers appointed to assess damages.

*Description of street in ordinance—Practice—Waiver.*

An exceptant who does not appear before the viewers, and except and object, must be held to have waived any objection as to damages as affected by the course and description of the street in the ordinance and the draft attached to the report.

Argued May 18, 1893.   Appeal, No. 458, Jan. T., 1893, by Lizzie F. Young, a property owner, from order of C. P. York Co., dismissing exceptions to report of viewers to assess damages for opening Frederick street in Hanover borough. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Exceptions to report of viewers to assess damages for opening street.

The facts appear by the following opinion of the court below, by BITTENGER, J.:

" The first exception relates to the manner in which the ordinance laying out the street and widening the same was procured to be passed ; not for the public benefit or the improvement of the street in question, but in the interest and for the benefit of Miss Mary Forney, a land owner on the route of the proposed improvement, as shown by an agreement in writing, on her part, to pay all expenses connected with the proceedings.

" No appeal was taken, from the passage of the ordinance, to the court of quarter sessions.  The exceptant did not even appear, in person or by attorney, before the viewers at the time required, and question their jurisdiction, or to file any protest on the ground stated in the exception, or any other ground. The ordinance was not attacked in the way required by law. While the passage of the ordinance upon an agreement like this is most reprehensible, and while the ordinance should have been held void as against public policy, if it had been properly attacked, we cannot see that it can be so declared, or affected in this proceeding. . . .

" The exceptions from four to twelve, both inclusive, relate to the draft attached to the report, in which it is claimed is a description of a curve or bend in the said street as proposed to be laid out and widened which is unintelligible, and that from said description the line of the street cannot be definitely ascertained.  Some depositions were taken to establish this proposition.  The description in the draft agrees substantially with the description of the street or improvement in the ordinance which was made a part of the petition for the appointment of the damage viewers.  We do not think the depositions are admissible, as the report and draft must speak for themselves, and be self-sustaining ; but conceding that the draft shows what the counsel for the exceptant claims, how does that become a question here ?  What if the street cannot be correctly located? How can that injuriously affect the exceptant in anything but the question of damages ?  And that is not a subject for exception to the report of the viewers.

" The second paragraph of section 27 of the general borough

act of 1851, P. L. 326, provides as follows : ' II. Complaint may be made to the next court of quarter sessions of the proper county, by any person, upon entering into recognizance with sufficient security according to law to prosecute the same with effect, and for the payment of costs, and any grievance in consequence of any ordinance, regulation, or act done or purporting to be done in virtue of this act; and the determination and order of said court thereon shall be conclusive.'

"An appeal, thus provided, would have afforded the exceptant ample relief in the setting aside of the ordinance, on the objections now made to it.

"An appearance before the viewers, and an appeal under the act of May 13, 1891, would also have raised the question and probably have afforded relief.

"A very full and satisfactory statement of the duties of damage viewers and the requirements upon property owners, affected by the view, as to the appearance before the viewers and the filing of exceptions, is given in the opinion of the Supreme Court in Omega Street, 152 Pa. 129. The only portion of said opinion necessary to be quoted is as follows : ' The questions which a lot owner desires to raise should be raised before the viewers in the first instance, or at least upon the hearing before them when their report is made up. All exceptions and requests in writing for rulings placed before them should be returned with their report to the court. If one does not appear before the viewers to raise the questions of fact on which he wishes to be heard, he may properly be held to have waived them, unless he accounts satisfactorily for his failure to appear before the viewers. Questions of form or of law, arising upon the face of the report, may however be brought to the attention of the court by exceptions by one interested, and without regard to his appearance or nonappearance before the viewers.'

"Upon this authority, the exceptant who did not appear before the viewers and except and object must be held to have waived any objection as to damages, as affected by the course and description of the street in the ordinance and the draft attached to the report. Indeed it was admitted by exceptant's counsel at the argument that the exceptant cannot now be heard on questions of fact.

"We are free to say that we think the ordinance should be

promptly repealed, (1) for the reason that its enactment was for a private and not a public purpose, brought about by the written agreement on the part of Miss Mary Forney (who is benefited by the improvement) to pay all the expenses of the proceeding. Its enactment was a wrong and clearly against public policy. (2) For the reason that, in our opinion, derived from an inspection of draft and description of the proposed improvement and the evidence (not admitted), the street cannot be accurately located and opened ; and that it is not in any respect an improvement.

" No street, except for some overshadowing necessity, occasioned by the character of the ground presenting obstacles to a straight street or one with proper angles, should be opened on a curved line, and much less on a curve of the character here complained of, the description thereof in the ordinance being unintelligible, uncertain and impossible of correct location or ascertainment.

" This report and draft have nothing to do, however, with locating the street when the authorities shall proceed to open the same. That must be done by the courses and distances and description contained in the ordinance. The only province of the viewers was to proceed as required by the act, to ascertain the amount of damages to be allowed to or contributions to be paid by the land owners affected. The question before the court on these exceptions is whether or not these duties were legally performed, and whether any legal or formal defects are apparent, upon which the report should be set aside.

" We must determine this contention against the exceptant for the reasons stated.

" And now February 20, 1893, the exceptions are dismissed and the report confirmed."

*Errors assigned* were, dismissal of exceptions, quoting them.

*Edwin Chapin,* for appellants, cited : Trist v. Child, 21 Wal. 441 ; Hatzfield v. Gulden, 7 Watts, 152 ; Pingry v. Washburn, 1 Atk. 264 ; Harris v. Roof's Ex's, 10 Barb. 494 ; Marshall v. B. & O. R. R., 16 How. 314 ; Devlin v. Brady, 32 Barb. 518 ; Brown v. Brown, 34 Barb. 537 ; Spalding v. Ewing, 30 W. N. 215 ; Clippinger v. Hepbaugh, 5 W. & S. 315 ; Ormerod v.

Dearman, 100 Pa. 561 ; Howard v. Church, 18 Md. 451 ; 9 A. & E. Enc. L. 898 ; Toler v. Armstrong, 4 Wash. C. C. R. 297 ; Rose v. Truax, 21 Barb. 361 ; U. S. v. The Amistad, 15 Pet. 518 ; Fuller v. Dame, 18 Pick. 472 ; Pittsburgh v. Scott, 1 Pa. 314 ; Com. v. Sawin, 2 Pick. 547 ; Com. v. Cambridge, 7 Mass. 166 ; Crockett v. Boston, 5 Cush. 190 ; O'Hara v. R. R., 25 Pa. 445 ; Cochran v. Eldridge, 49 Pa. 370 ; Badger v. Badger, 2 Wal. 87 ; Omega Street, 152 Pa. 128.

*Nevin M. Wanner*, *Chas. J. Dellone* with him, for appellee, cited : Erie v. Bootz, 72 Pa. 196 ; Hilltown Road, 18 Pa. 234 ; Palmer Township Road, 109 Pa. 274 ; Fritz's Ap., 15 Pa. 397 ; Wagner v. Township, 132 Pa. 636 ; Omega Street, 152 Pa. 129 ; Shiloh Street, 152 Pa. 136 ; Jenkintown Borough v. Firmstone, 2 Dist. R. 124 ; Kennedy v. House, 41 Pa. 39 ; Pittston Road, 4 Kulp, 305.

PER CURIAM, May 31, 1893 :

There is nothing, of importance, in either of the twelve specifications of error, that is not sufficiently answered and satisfactorily disposed of in the opinion of the learned judge of the common pleas.    The validity of the ordinance widening Frederick street was not an open question in this case : Hanover Borough's Appeal, 150 Pa. 202.    The viewers were appointed for the purpose of assessing damages and benefits resulting from the laying out and widening of the street ; and, as was said in Omega Street, 152 Pa. 129, it was the duty of all persons interested to appear before them and raise such questions of fact as they desired them to pass upon.

All the material questions, properly raised by the assignments of error, are rightly disposed of in the opinion referred to, and on that opinion the order, dismissing the exceptions and confirming report of the viewers, is affirmed with costs to be paid by the appellants.