## City of Corry *v.* The Corry Chair Company, Appellant.

*Statutes—Specific words following general description—Construction of statutes.*

In statutes a general word which follows particular and specific words of the same nature as itself often takes its meaning from them, and often is presumed to be restricted to the same genus as those words, or, in other words, as comprehending only things of the same kind as those designated by them, unless there is something to show that a wider sense was intended.

*Municipalities—Sewers—Petition of property owners—Statutes.*

The first clause of section 8 of the Act of May 16, 1891, P. L. 75, confers the power to construct sewers and drains in any street or alley or through or on, or over private property, and prescribes no conditions upon which it shall be exercised. The second clause provides that every municipal corporation shall " also " have power upon the petition of property owners to grade, pave, curb, macadamize " and otherwise improve any public street or public alley." *Held*, that the provision as to a petition of property owners does not apply to an ordinance for the construction of a sewer. This provision applies only to the street improvement mentioned in the second clause.

The absence of a petition of property owners for a sewer and the omission to post notices of the passage of an ordinance of a sewer are not fatal to the right of a city to recover assessments upon abutting property for the cost of the construction of a sewer in a street.

*Municipalities—Ordinances—Formalities.*

In the absence of statutory regulation the fact that a city council suspends its rules and passes an ordinance on the same day it is presented does not vitiate the ordinance.

Where the minutes of a city council show that a majority of the members of the council were present, giving their names, and that an ordinance was passed unanimously, the fact that the names of those voting for it are not specifically set forth is immaterial if there is nothing in the municipal charter requiring that the names of those voting for and against an ordinance shall be recorded.

*Municipalities—Constitutional law—Title of act—Title of ordinance.*

A city ordinance is not a law within the meaning of section 3 of article 3 of the constitution of Pennsylvania relating to the titles of acts.

*Municipalities—Ordinances—Sewers—Formalities.*

Where a city charter prescribes no formalities to be observed in the passage of ordinances, the fact that five ordinances for different sewers are put on their passage, together, and are so voted on, and passed unanimously does not invalidate the sewer, although the practice is not to be commended.

*Municipalities—Sewers—Res adjudicata.*

Where there has been a valid ordinance for the construction of a sewer and such ordinance has been duly authorized by law, abutting owners who have appeared in the proceedings and objected to them, but who have not appealed from the final decree of confirmation of the report of viewers, and have made no attempt to have the report set aside or opened are concluded by the confirmation of the report, and cannot on a scire facias sur municipal lien against them object to the validity of the proceedings.

In such a case the general rule applies that the final judgment of a court of competent jurisdiction upon a point litigated between the parties is conclusive so long as it remains in full force and effect in all subsequent controversies directly involving the same question.

The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceeding which was legally cognizable, and applies when a party has neglected the opportunity of trial or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding.

*Municipalities—Municipal contract—Lowest bidder—Sewer.*

Where the provisions of no statute applicable to the construction of a sewer in a city have been violated, and no fraud is alleged in the letting of the contract under which the sewer was constructed, no valid objection to an assessment for the construction of the sewer can be based on the fact that after the lowest bidder had withdrawn his bid, and refused to enter into a contract, the contract was entered into with the next lowest bidder.

Argued May 21, 1901.  Appeal, No. 106, April T., 1901, by defendant from judgment of C. P. Erie Co., Feb. T., 1899, No. 31, on trial by the court without a jury in case of City of Corry v. Corry Chair Company.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Scire facias sur municipal lien for a sewer.

The title of the ordinance under which the sewer was authorized was as follows:

"Ordinance No. 380.

"Authorizing the construction of a sewer on East Washington street and certain portions of Maple avenue, Park street and Wright street, and providing for the payment of the cost of the same."

The testimony showed that the ordinance was not based upon any petition of property owners, nor were notices of its passage posted.

WALLING, P. J., found other facts to be as follows:

3. That above ordinance was passed at an adjourned meeting of council of said city held on August 22, 1894, at which a majority, but not all of the members of the city council were present, at which meeting five ordinances, for the construction of different sewers, including the above ordinance, were read on first reading; and then upon motion the rules were suspended and the ordinance adopted finally, by the unanimous vote of the council.  The official record of said meeting, so far as relates to the matter in controversy, being as follows:

"Wednesday, August 22, 1894: Adjourned meeting.  In the absence of the mayor, the clerk called the meeting to order. Present at roll call, Messrs. Braken, Edwards, Farnham, Halter, Keleher, Kenley, Laurie, Murray, McKenzie and Mortz.  On motion Mr. Braken was made chairman.  Five ordinances providing for the construction of the South Center street, Park Place street, East Washington street, Main and Concord streets, and North Center street systems of lateral sewers, were read on first reading.  Upon motion the rules were suspended and the ordinances adopted finally, by the unanimous vote of the council."

Afterwards, on September 3, 1894, a resolution was passed by council, directing the ordinance committee to draft an or-

dinance repealing all lateral sewer ordinances and laws ; but so far as appears no such ordinance was ever drawn or presented to council, and no further action was taken thereon.

4. Pursuant to said ordinance, approved August 30, 1894, the city authorities advertised for bids for the construction of said sewer, and as the bid submitted by Jones & Sullivan appeared to be the lowest, that bid was accepted by the city, but no contract was executed, and some time thereafter said Jones & Sullivan declined to enter into contract in accordance with said bid and were released from the same by the city, and thereafter the city, without asking for new bids, awarded the contract to the Barlow Hardware Company for the construction of said sewer.

Of the original bids the Barlow Hardware Company appear to have been the lowest, after the bid of Jones & Sullivan had been withdrawn. The said Barlow Hardware Company entered into contract with the city for the construction of said sewer, and proceeded to complete the same, which sewer, so built, was afterwards accepted by the city of Corry.

5. That said sewer was not petitioned for by a majority of the property owners, and no hand bills were posted in conspicuous places along the line of the proposed improvement, as required by the 10th section of Act of May 16, 1891, P. L. 79.

6. That at No. 102 of November term, 1894 of this court, said city petitioned for the appointment of viewers to assess benefits, etc., on account of said sewer. This court then appointed three viewers, who proceeded to the discharge of their duties, and filed a report in court on January 14, 1895, to which exceptions were filed by above defendant and others, and on June 1, 1895, said report was referred back to the viewers, with the opinion of this court, giving instructions as to proper procedure, etc.

The viewers proceeded to the further discharge of their duties, of which defendant had due and timely notice according to law, and the viewers also prepared a new and detailed report, in which they assessed benefits against numerous properties on account of said sewer, including a benefit assessment of $584.45 against the defendant. And in the schedule of said report the property of above defendant, abutting 742 feet on the south side of said Washington street, was duly described.

The proceedings of the viewers fully appear in said second report.

After said report and schedule were prepared the viewers gave due notice, by publication and also personally on the property owners, including the said Corry Chair Company, fixing a time when said viewers would hold a meeting in the council room of the city of Corry, "when and where they would exhibit said schedule and hear exception thereto, together with such evidence as any person interested might see fit to offer, " etc., but no exceptions were filed with the viewers, and over thirty days after said meeting, to wit: on October 28, 1895, the report of said viewers, to which was attached the schedule, notices, etc., was presented in open court and directed to be filed and confirmed nisi. And on December 17, 1895, on motion of the city solicitor, no exception having been filed, the said report and assessment of the viewers was confirmed finally by this court.

.7. In copying the above quoted ordinance into the original ordinance book a small part of said ordinance was accidentally omitted, but the entire ordinance appears afterwards to have been correctly copied into the new ordinance book, and the part omitted refers to a sewer upon another street, and so far as appears has no bearing upon the question at issue.

8. The municipal lien upon which above sci. fa. was issued was duly filed in this court on May 27, 1896, and within six months of the time of final confirmation.

9. The sewer in controversy in this case was constructed and proceedings had, under the said act of assembly, approved May 16, 1891, P. L. 69, entitled "An act creating and regulating municipal liens and proceedings thereon."

The court entered judgment for the plaintiff for $584.45. Defendant appealed.

*Error assigned* among others was in entering judgment for plaintiff.

*Joshua Douglass,* for, appellant.—The ordinance was invalid: 1 Dillon's Mun. Corp. sec. 291; Bloom v. City of Xenia, 32 Ohio, 461; Morrison v. Lawrence, 98 Mass. 219; State v. Hudson, 5 Dutch (N. J.), 478; 1 Beach on Public Corp. 498;

Campbell v. City of Cincinnati, 31 N. E. Repr. (Ohio) 606 ; Reading v. O'Reilly, 169 Pa. 366 ; Altoona City v. Bowman, 171 Pa. 307 ; Ruan Street, 132 Pa. 259.

The provisions of the constitution applies to municipal ordinances as well as to acts of assembly : Norristown v. Norristown Pass. Ry. Co., 148 Pa. 87, 93 ; City of Meadville v. Dickson, 129 Pa. 1 ; Wyoming Street v. Pittsburg, 137 Pa. 495 ; Ruan Street, 132 Pa. 257 ; Morrison v. Bachert, 112 Pa. 323 ; Weinman v. Wilkinsburg, etc., Pass. Ry. Co., 118 Pa. 192.

An ordinance attempting the infliction upon the rights of the citizen and his property without petition of owner, as attempted in this case at bar, is invalid and void : Dorrance v. Dorrancetown Boro. 181 Pa. 164 ; Verona Borough, 4 Pa. Superior Ct. 608 ; Pittsburg v. Walter, 69 Pa. 365 ; Fell v. Philadelphia, 81 Pa. 58.

*Albert B. Osborne*, for appellee.—The remedy to the taxpayer is only that remedy given by the provision of the act under which the tax is levied or the assessment made : Hughes v. Kline, 30 Pa. 231 ; Wharton v. The Borough of Birmingham, 37 Pa. 371 ; Stewart v. Maple, 70 Pa. 221 ; Clinton School District's Appeal, 56 Pa. 315 ; Com. v. Woods, 44 Pa. 116.

Where a proceeding in a certain way is given by statute, the provisions of the statute must be pursued. The entire proceedings relating to sewerage in cities of the third class including the remedy to parties aggrieved, is statutory, and the remedy by appeal is full, complete and adequate : Leake v. Philadelphia, 171 Pa. 125.

OPINION BY RICE, P. J., October 14, 1901 :

This is an appeal from a judgment against the defendant in a scire facias upon a municipal lien for the amount of an assessment for benefits made under the Act of May 16, 1891, P. L. 75, to pay for the cost and expense of a sewer which was constructed under an ordinance approved August 30, 1894.

Section 3 of the ordinance provided as follows : " That the cost of said sewer, lamp-holes, man-holes, catch-basins and connections shall be and the same is hereby levied and assessed upon the property benefited by said sewer, as provided by the acts of assembly of this commonwealth." Viewers were appointed

August 23, 1894 ; their final report was filed and confirmed nisi on October 28, 1895, and, no exceptions having been filed thereto, was confirmed absolutely on December 17, 1895. The sewer was completed and accepted by the city on June 15, 1896.

It is contended by the defendant that there was no authority for the assessment of private property for benefits, because the ordinance was not preceded by, and based upon, a petition of a majority in interest and number of owners of property abutting on the line of the sewer. The first clause of the 8th section of the act of 1891, confers the power to construct sewers and drains in any street or alley or through or on or over private property and prescribes no conditions upon which it shall be exercised. The second clause provides that every municipal corporation shall " also" have power, upon the petition of property owners, to grade, pave, curb, macadamize " and otherwise improve any public street or public alley." It was held by the court below that this provision as to a petition of property owners does not apply to an ordinance for the construction of a sewer. If it were not for the words " otherwise improve " in the second clause this would be absolutely certain. But even if, understood in their widest sense, these words are wide enough to include the laying of a sewer in a street, it does not necessarily follow that we must hold that they were used in that sense in this connection. The general word which follows particular and specific words of the same nature as itself often takes its meaning from them, and often is presumed to be restricted to the same genus as those words, or, in other words, as comprehending only things of the same kind as those designated by them, unless there is something to show that a wider sense was intended : Endlich on Interpretation of Statutes, sec. 405. The things specifically mentioned in the clause under consideration are such as improve the street as a highway, and according to the rule above stated the general words may be restricted to the same genus as the specific words that precede them. By so restricting them we do not destroy their force and we avoid the inclusion of an improvement already specifically provided for. For, while a sewer is a " municipal improvement" and is often classed as, and indeed may be, a " street improvement," yet its primary purpose need not, necessarily and always, be to " improve" the street in which it is laid. It may be a special and

peculiar benefit to the abutting properties without being an improvement to the highway proper. Moreover it may be laid through private property. The act of 1891 was skilfully drawn and words were not used haphazard. The legislature evidently had the above suggested distinction in mind ; for it will be noticed that the construction of sewers is not mentioned in the second clause of the section, but in the third clause which provides for the assessment of damages and benefits it is specifically mentioned in connection with the " grading, paving, curbing, macadamizing or other improvement." If the words " otherwise improve " in the second clause and the words " other improvement " in the third clause are to be construed so as to include the construction of sewers, it was superfluous to specifically mention it in the first clause or in the third clause. The fact that it is specifically mentioned in the first and third clauses and that the power to pave is spoken of as an additional power, tends to show that the omission of any reference to sewers from the second clause was intentional; in other words that the legislature intended to put the paving of streets and improvements of the same kind in a class distinct from the making of sewers, and to impose conditions upon the exercise of the power to make such improvements at the expense of the properties benefited, which it did not attach to the power to make sewers. This we believe to be the true construction of the section. It follows that the absence of a petition and the omission to post notices of the passage of the ordinance were not fatal to the plaintiff's right to recover the assessment upon the defendant's property.

It is urged that the ordinance was invalid because it was not upon presentation referred to a committee, returned therefrom and printed, because it was not read at length on three different days in council, because the vote on the same was not taken by ayes and nays, and the names of the persons voting for and against the same were not entered upon the minutes. Ordinances being among the most important and solemn acts of a corporation, it is essential to their validity that they shall be adopted by the proper body, duly assembled, and in the manner prescribed by the charter: Dillon's Mun. Corp. sec. 309. But at the time of the adoption of this ordinance the city of Corry had not accepted the provisions of the act of 1874, and was

governed solely by its special act of incorporation approved March 8, 1866, P. L. 146, and the supplement thereto approved March 28, 1870, P. L. 569. See Beaumont v. Wilkes-Barre, 142 Pa. 198, at p. 209. Neither of these acts prescribes the formalities to be observed in the passage of ordinances. In the absence of such statutory regulation the fact that the council suspended its rules and passed the ordinance on the same day it was presented did not vitiate it. Nor was there anything in the charter requiring that the names of those voting for and against the ordinance should be recorded. The minutes show that a majority of the members of council were present, giving their names, and that the ordinance was passed unanimously. This was all that was required.

As to the objection that the title of the ordinance was not in conformity with section three of article three of the constitution of Pennsylvania, it is sufficient to say, that, whatever defects there may be in the title, it gave ample notice of the provision relative to the improvement here in question; further, a city ordinance is not a law within the meaning of the section of the constitution above referred to.

Another objection most strenuously urged against the validity of the ordinance is based on the fact, supposed to be shown by the minutes of council, that five ordinances, of which this was one, for different sewers were put on their passage together, and were so voted on. This mode of procedure is not to be commended whether forbidden by statute law or not; and it may be conceded that if there was any statutory provision applicable to the city of Corry forbidding the passage of an ordinance containing more than one subject, the city council could not evade the statute by giving the proposed legislation the form of separate ordinances and voting on all of them at one and the same time. It was of a legislative proceeding of this kind that Judge COOLEY was speaking in his work on Constitutional Limitations at p. 168, note 1. But as we have already said the charter of the city of Corry did not prescribe the formalities to be observed in the passage of ordinances, and, we now add, did not prohibit the passage of an ordinance containing more than one subject. It is thus seen that the objection now under consideration goes to the form of the proceedings of council, not to legality of the substance of its action. Where

that matter is not regulated by charter or the general law, the form of expressing the corporate will is for the council to determine: Commonwealth v. Mayor of Lancaster, 5 W. 152. The minutes show that a quorum was present, that the five ordinances were read and were adopted unanimously. The procedure evidently had the approbation of all the members present. Such being the case we are at least warranted in saying that the ordinance was not void because the minutes do not affirmatively and conclusively show that it was voted on separately. We have carefully examined all of the cases cited by the appellant's counsel and are unable to find that any of them relating to proceedings of council not regulated by charter or general statute law, is in conflict with the foregoing conclusion.

The objections relating to the action of the viewers may be considered together. Having shown that the improvement was authorized by a lawful ordinance, the jurisdiction of the court to appoint viewers to assess the costs and expenses of the sewer upon the property benefited according to benefits, if sufficient could be found, is manifest. The defendant's property abuts on the improvement, and was liable to assessment, if benefited, which was a question of fact to be determined in the mode provided by the act. Not only so, but the defendant had actual notice of the proceedings and filed exceptions to the first report of the viewers which were so far effectual as to cause the court to refer the report back to the viewers with direction to proceed in accordance with the instructions contained in the opinion of the court. A second view was had, of which due notice was given, and after its completion and a schedule had been prepared, notice was again given as provided in section two of the act of 1891. In response to this notice the defendant and others filed with the viewers a paper which read as follows: "We the undersigned property owners on the line of the proposed Washington street sewer system hereby enter our protest to the assessment as made. Our objections to the same will be filed in due time in court." But no objections or exceptions were filed in the court, in due course the report was confirmed absolutely, and thereupon the city went ahead with the work. No appeal was taken from the final decree of confirmation, and no attempt made to have it set aside or opened. We have detailed

the proceedings for the purpose of showing that the defendant not only had an opportunity to be heard, but actually appeared as a party to the proceedings and opposed the assessment, but with apparent deliberation omitted to avail itself of the ample remedies provided by the act of 1891 for the correction of the errors of the viewers and of the court if any there were. To declare that it would in due time file its objections in court and then omit to do so was, in effect, to invite the city to assume that they had been waived. And no appeal having been taken from the final decree, we see no good reason for not applying the general rule that the final judgment of a court of competent jurisdiction upon a point litigated between the parties is conclusive so long as it remains in full force and effect in all subsequent controversies directly involving the same question. " A judgment settles everything involved in the right, not only matters that were raised, but those which might have been raised: " Myers v. S. Bethlehem Boro., 149 Pa. 85 ; Second Avenue, 7 Pa. Superior Ct. 55. " The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceeding which was legally cognizable, and applies when a party has neglected the opportunity of trial or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding: " Schwan v. Kelly, 173 Pa. 65. The authorities cited in the able opinion of the learned judge below clearly show that these principles are applicable to a final decree in proceedings for the assessment of damages and benefits accruing from such improvements as this, and we do not deem it necessary to further extend the discussion of the question. If there had not been a valid ordinance, as in Reading v. O'Reilly, 169 Pa. 366, or there had been no authority of law for assessing private property for the improvement, as in Breed v. Allegheny, 85 Pa. 214, or it clearly appeared on the face of their report that the viewers exceeded their authority by arbitrarily assessing the defendant's property without regard to benefits, a different question would be presented.

The provisions of no statute applicable to the city of Corry were violated and no fraud is alleged in the letting of the contract under which the work was done. Such being the case,

no valid objection to the assessment can be based on the fact that after the lowest bidder had withdrawn his bid and refused to enter into a contract, the contract was entered into with the next lowest bidder.    See Erie v. Bier, 10 Pa. Superior Ct. 381.

Judgment affirmed.