# Donahue, Appellant, *v.* Borough of Punxsutawney.

*Boroughs—Streets—Opening streets—Ordinance—Validity.*

The provisions of section 2, Article IV, chapter vi, of the Borough Code of 1915, providing for notice in connection with municipal improvements, are directory and not mandatory.

Where a property owner knew of the legislation in contemplation, was present at various meetings of council when it was discussed, and was present at the meeting at which the ordinance was adopted, he was not prejudiced by failure to give such notice.

Section 3 of Article III of the Constitution of Pennsylvania relating to the title of acts does not apply to municipal ordinances.

Until proof to the contrary is shown, it must be assumed that an ordinance was duly passed, in entire good faith, by the city council.

Submitted April 10, 1925.  Appeal No. 30 April T., 1925, by plaintiff from the judgment, order and decree of Q. S. Jefferson County, January Sessions, 1923, No. 72, in the case of W. M. Donahue vs. Borough of Punxsutawney.  Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Petition to set aside borough ordinance.  Before CORBET, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.  Defendant appealed.

*Error assigned*, among others, was the decree of the court.

*Charles J. Margiotti,* and with him *W. M. Gillespie,* for appellant.

*W. C. Pentz,* and with him *W. B. Adams* and *J. J. Pentz,* for appellee.

OPINION BY LINN, J., July 9, 1925:

This case was submitted without oral argument, and seems to have been determined below on the undenied facts stated in the petition of the appellant and in the answer of the borough; we shall therefore so consider it in the light of the briefs filed.

An ordinance was passed and approved, August 14, 1923, entitled "An ordinance for the extension of Water Street." In its first section, the extension was minutely described by metes and bounds; it provided for an extension of the existing Water Street, 50 feet wide, across land of Chris Dunmire, W. M. Donahue, the petitioner, and Richard L. L. Davis, into whose land (a large tract) it was extended ten feet, without however there connecting with any other open street; in subsequent sections borough officers were directed to cause it to be physically opened for travel and to cause the sidewalks to be constructed, and compensation to be made according to law. On August 27, 1923, W. M. Donahue, appellant, filed his petition in the quarter sessions, (pursuant to sec. 9, art. 1, chap. 7, of the General Borough Code, 1915, P. L. 312) averring that the ordinance was illegal and praying that it be declared void.

1. Appellant asserts that ten days' notice of the contemplated improvement (sec. 2, art. iv, chap. vi, of the Borough Code, 1915, P. L. 344) was not given; he was not injured thereby; he knew the legislation was contemplated, was present at various meetings of council when it was discussed, and was present at the meeting at which the ordinance was adopted; moreover, the provision is directory and not mandatory: Com. ex rel. v. Beaver Boro., 171 Pa. 542, 562.

2. The title of the ordinance is sufficient; there is nothing in the point that it violates art. III, section 3, of the Constitution; that provision does not apply to municipal ordinances: City of Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271, 279.

3. The only remaining contention that merits notice is that the ordinance was not enacted for a public purpose and that it takes private property for private use. The facts disclosed—meagre as they are—do not support this. It appears that a part of the street included in the ordinance itself had at some prior time

been laid out and used as a public highway, on the basis of which appellant contends that the proposed extension of the street merely takes part of his land and ten feet of the land of Richard L. L. Davis, for the sole benefit of Davis. But this overlooks the provision of the ordinance in question, requiring that the whole extension be opened between the termini described and that sidewalks be laid thereon, pursuant to the sidewalk ordinances of the borough. There is nothing in the record to indicate that there had been sidewalks over any part of it before; on its face it provides for the opening of the street and the laying of the sidewalks across what was the property of Dunmire, Donahue, the appellant, and part of the land of Davis. Certainly such improvements are for the general good; and there is nothing in the record to contradict it.

Appellant alleged that he had been informed, believed, and hoped to prove, that Davis had persuaded the municipal authorities to enact the ordinance and had delivered a "bond to the borough for the purpose of reimbursing it for all expenses incident to the proposed extension as well as all damages that might be recovered on account of the same." But there was no proof of the fact; and if nothing more appeared, that fact would not render the ordinance invalid in the circumstances of this case, for it is not even suggested that the persuasion was by any unlawful means. Nor is there anything whatever to indicate that the resulting situation was similar to that condemned in the record presented in Frederick Street, 155 Pa. 623.

This proposed extension of Water Street, with the construction of sidewalks over what had formerly been the land of Dunmire, Donahue and Davis is undoubtedly for public purposes: Penna. Mutual Life Ins. Co. v. Phila., 242 Pa. 47, 56. If appellant shall sustain any damage in the construction of the improvement, the law affords a method of obtaining compensation. On the record as it comes to us, the case was properly de-

cided below. "It need be added only that, until proof to the contrary is shown, it must be assumed that the ordinance under attack was duly passed, in entire good faith, by the city councils": Ayars v. Wyoming Valley H. Hospital, 274 Pa. 309, 311.

The judgment is affirmed.