In re Ordinance No. 203 of Barnesboro Borough

496

Before McCann, P. J., McKenrick and Griffith, JJ.
*Englehart and Larimer,* for appellants.
*Arnold D. Smorto,* for appellee.

GRIFFITH, J., June 6, 1947.—The council of the Borough of Barnesboro on January 29, 1947, enacted ordinance no. 203, the title and first three sections of which are as follows:

"An Ordinance Prohibiting Use of an Area and the Streets, Avenues and Alleys Therein Within the Borough of Barnesboro for the Loading and Unloading of Passengers by Busses and Commercial Motor Vehicles for Pay or Hire Prohibiting the parking within Said Area of Busses and Taxi Cabs Transporting Passengers for Pay and Hire and Fixing and Providing Penalties for the Violation Thereof.

"Section 1—Be it enacted and ordained by the Borough of Barnesboro and it is hereby enacted and ordained by authority of the same, that it shall be unlawful for any person or persons, firm or corporation, whether principal or agent operating busses for the transportation of passengers for pay or hire, to discharge or load thereon passengers within the area of the said Borough of Barnesboro, bounded on the North by Twelfth Street inclusive, on the South by Ninth Street inclusive, on the East by Chestnut Avenue inclusive, and on the West by Maple Avenue inclusive.

"Section 2—It shall be unlawful for any person or persons, firm or corporation whether principal or agent, operating taxi cabs for pay or hire to park within the area in the Borough of Barnesboro described in Section 1 hereof except for the purpose of discharging or loading passengers.

"Section 3—It shall be unlawful for any person, firm or corporation, whether principal or agent, operating busses and commercial motor vehicles for the transportation of passengers for pay and hire to park on the streets and alleys within the Borough of Barnesboro, or to establish bus or taxi cab terminals without first obtaining permission therefor from the burgess of the Borough of Barnesboro, who is hereby authorized to issue such permit or permits for a period of one year subject to the power of Council to revoke or suspend such licenses or permits, as in the discretion of council may be deemed expedient in the interest of safety and health to the public."

On February 19, 1947, appellants filed their appeal in the court of quarter sessions, and several hearings were held at which testimony was taken.

Appellants are operators of passenger buses, a taxicab operator, and restaurant owners whose establishments have been used by the bus companies for the purpose of selling tickets for transportation on the buses.

Appellants contend that the ordinance is invalid for the following reasons:

1. That it is an unreasonable exercise of the police power because it unlawfully discriminates between buses and taxicabs.

2. That it is an unlawful exercise of the police power because it unlawfully discriminates between buses and taxicabs on the one hand and all other types of motor vehicles, including those operated for the transportation of property, on the other hand.

3. That it is an unreasonable exercise of the police power because it in no way relates to the health, protection and safety of the citizens.

4. That it is an unreasonable exercise of the police power because it imposes an undue burden upon ap-

pellants and interferes with the operation of their business.

5. That the ordinance is unconstitutional because there is nothing in the title indicating the regulation of bus or taxicab terminals; and

6. That the ordinance is invalid in that it takes private property without due process of law. The latter point was not pressed at the argument.

While not referred to in the appeal, it was contended at the argument that the ordinance was invalid for the additional reason that council was actuated by an improper motive in its adoption.

One assailing the validity of a borough ordinance "has the burden of establishing that the ordinance is unreasonable and confiscatory . . .": Kistler v. Borough of Swarthmore, 134 Pa. Superior Ct. 287.

In Laubach v. Easton, 347 Pa. 542, 549, the court said: " 'It is incumbent on the party who alleges the invalidity of an ordinance upon the ground of unreasonableness to aver and prove the facts that make it so' "

Section 1103 of the Vehicle Code of May 1, 1929, P. L. 905, as last amended by the Act of June 5, 1937, P. L. 1718, sec. 9, 75 PS §663, provides, inter alia, "Local authorities . . . may regulate or prohibit parking, stopping or loading of vehicles. . . ."

However, appellants contend that the exercise of the police power in this ordinance is unlawful because the discrimination between buses and taxicabs is unreasonable. The first section of the ordinance prohibits the loading or discharging of bus passengers within a restricted area designated in the ordinance; the second section prohibits parking of taxicabs within the same area, but permits the loading or discharging of passengers on and from taxicabs within the area. Due to the difference in size of the vehicles and the fact that the traffic problems created by them are dissimilar, we

cannot find that the basis for classification is unreasonable. It is apparent that a much greater traffic hazard is created by the discharging or loading of passengers from or on buses than is created by the discharging or loading of passengers from or on taxicabs.

Appellants contend that the discrimination between buses and taxicabs on the one hand and all other types of motor vehicles, especially those being operated for transportation of property for hire, is unreasonable. However, the courts have generally held that if an ordinance applies equally to all members of a class similarly situated, it is not open to the charge of unfair discrimination: 121 A. L. R. 574. That a distinction may reasonably be made between carriers of passengers for hire and carriers of goods for hire, see Waid et al. v. City of Fort Worth, 258 S. W. 1114 (Texas Civ. App. 1923). In this case appellants contended that the ordinance was unfairly discriminatory because it did not exclude freight trucks, but the court said: "The ordinance may well be said to have in view the protection of passengers patronizing the bus lines as well as those operating other autos and vehicles, and in this respect a distinction is to be made between the carriers of passengers and carriers of dead freight."

The power granted a borough by the legislature is not invalidated by giving "residents (and business houses) within the district the opportunity . . . of having goods delivered to their homes (or establishments) by motor trucks, or taken from there for shipment elsewhere": Commonwealth v. Kennedy, 129 Pa. Superior Ct. 149, 158. (Words in parentheses inserted.)

We can find no unreasonable discrimination between the regulation of buses and taxicabs on the one hand and the nonregulation of other vehicles, including those carrying property for hire.

Appellants also contend that the ordinance is an unreasonable exercise of police power in that it in no way relates to the health, safety and protection of the citizens of the borough. With this contention, we are unable to agree. It is true that a former police chief of the borough testified as to the lack of traffic congestion within the restricted area. However, he did testify that at times it was necessary for him to direct traffic within the area, but his explanation was that his direction of traffic was done solely for the protection of pedestrians. It would seem that if the pedestrians needed protection from the traffic, there must have been some traffic. Several witnesses testified that there was no real traffic congestion on Philadelphia Avenue, which is in the heart of the restricted area, but the witnesses for the borough all testified as to the heavy traffic in this part of the borough. It was admitted, however, that the borough contains less than 4,000 inhabitants, but is the shopping center for at least 30,000 people. The many places of business which would attract the public within the restricted area were enumerated in the testimony. We cannot help being impressed by the fact that the area is congested and that the traffic problems there existing would be aggravated to some degree at least by the parking of taxicabs, and especially by the loading and discharging of passengers on and from buses. While Philadelphia Avenue, the street on which the buses load and discharge passengers, is wide, yet the testimony is that due to another bus being in the reserved parking space, it was sometimes necessary for buses to double park, and there is some evidence that on at least one occasion it was necessary for them to triple park.

It is argued that section 1103 of The Vehicle Code, supra, by specifically granting to cities the right to regulate transportation by motor vehicles of passen-

gers for compensation denied this right to boroughs. Appellants believe that under the doctrine of inclusio unius est exclusio alterius the legislature intended to confine to cities the power of regulating commercial passenger vehicles and of designating "certain streets upon which such vehicles may be operated". The disputed ordinance makes no attempt to prevent the operation of buses or taxicabs on certain streets but only to prevent them from parking and loading in a certain area. Section 1103, supra, specifically gives to all local authorities—boroughs as well as cities—the right to "regulate or prohibit parking, stopping or loading of vehicles". This means that a borough may prohibit and regulate the parking, stopping or loading of *any* vehicle. As we have seen, the classification between commercial passenger vehicles and other vehicles is a reasonable one. Consequently, the power of the borough to make such a classification is unassailable.

In Setzer v. City of Pottsville, 73 Pa. Superior Ct. 573, the ordinance in question entirely prohibited the operation of interurban buses on certain streets. The Act of June 1, 1915, P. L. 685, gave to cities the right to "designate certain streets upon which such vehicles, if operated, must be operated". The court found that the character of this legislation was so specific that under the rule in Ligonier V. R. R. Co. v. Latrobe Borough, 216 Pa. 221, it was not necessary to consider the reasonableness of the ordinance. This for the reason that, "when the legislative grant is of this specific character an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the municipality, or under a grant of power general in its nature".

Likewise, in Commonwealth v. Kennedy, supra, at page 164, the court quoted this language from Ligonier

V. R. R. Co. v. Latrobe Borough, supra: "In other words, what the legislature distinctly says may be done, cannot be set aside by the courts because they deem it to be unreasonable or against sound policy".

In the present case, however, we cannot find that the ordinance was unreasonable, and, therefore, need not consider whether that portion of section 1103 of The Vehicle Code of 1929, supra, permitting local authorities to "regulate or prohibit parking, stopping or loading of vehicles" is so specific as to preclude an inquiry into its reasonableness. With the wisdom of the ordinance in a larger sense, the court may not concern itself. Our inquiry is necessarily limited to whether this exercise of the police power of the borough is unreasonable and whether it is unduly discriminatory. In view of the congested area to which sections one and two of the ordinance apply, we cannot find an arbitrary classification, nor an oppressive and unreasonable regulation of traffic.

"In the class of cases under consideration, involving the validity of regulations restricting automobile traffic in or excluding it from certain streets, numerous constitutional objections have been raised, almost invariably without success, the courts in practically all the cases presenting the question having sustained the validity of the statute, ordinance, or other regulation involved": 121 A. L. R. 573.

Appellants also contend that the ordinance is unreasonable because it imposes an undue burden upon appellants and interferes with the proper operation of their buses. Appellants argue that if they are not permitted to pick up and discharge passengers in the restricted area, the traveling public will file complaints with the Public Utility Commission. The fact that a borough ordinance prevents the picking up and discharging of passengers would be a complete answer to such complaints: Commonwealth v. Kennedy, supra.

While the ordinary use of streets is an inherent right which cannot be taken away and may be controlled only by reasonable regulations, yet the right to use the streets for conducting thereon private business of any character is not an inherent or vested right: Davis v. City of Houston, 264 S. W. 625 (Texas Civ. App., 1924) ; People's Rapid Transit Co. et al. v. Atlantic City, 105 N. J. L. 286, 144 Atl. 630 (1929). Since we are unable to find that the ordinance is unreasonable and since appellants have no vested interest in the use of the streets of the borough, we cannot declare it invalid because it will interfere to some degree with appellants' business.

Appellants also suggest that the ordinance is unconstitutional because there is nothing in the title to indicate the regulation of bus and taxicab terminals. This objection applies to section three of the ordinance alone. Article III, sec. 3, of the Constitution of Pennsylvania, which provides that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title", does not apply to ordinances: City of Corry v. Corry Chair Company, 18 Pa. Superior Ct. 271; Donahue v. Punxsutawney Borough, 86 Pa. Superior Ct. 337; and the Act of May 23, 1874, P. L. 230, sec. 3, 53 PS §221, which provides that no ordinance shall be passed which contains more than one subject, which shall be clearly expressed in its title, applies only to cities and not to boroughs. However, while an ordinance is not a law within the meaning of this section of the constitution, if a title is used it may not be unduly misleading: Landis v. Borough of Coopersburg, 10 Lehigh 26, 41. Moreover, counsel for the borough has been unable to point to any statute authorizing boroughs to establish bus terminals. The effect of section three would be to permit one who does not operate buses and commercial motor vehicles for the transportation of passengers for hire to establish bus

or taxicab terminals without first obtaining permission from the burgess, but would prevent those who do operate buses or commercial motor vehicles carrying passengers for hire from establishing such terminals without such permission. Such a classification is obviously arbitrary. Section three of the ordinance also makes it unlawful for buses or commercial motor vehicles carrying passengers for hire to park on any of the streets and alleys within the borough, whether within the restricted area or not, without first obtaining permission from the burgess. There is no testimony on the record to show any need whatever for such regulation except within the area restricted by the first and second sections of the ordinance. Such a restriction in no way relates to the health, safety or protection of the citizens of the borough, and is, we believe, an arbitrary, oppressive and unreasonable attempt to exercise the police power. We, therefore, conclude that section three of the ordinance is invalid and void.

Although the third section of the ordinance is invalid, its other provisions may be sustained without destroying the intendment of the ordinance. Section five of the ordinance provides that each section is severable, and a reading of the whole ordinance convinces us that the invalidity of the third section will not destroy the purpose of the remainder. A statute, State or municipal, may be unconstitutional in part and yet be sustained with the offending part omitted if the paramount intent will not be destroyed thereby: Grisbord et al. v. Philadelphia et al., 148 Pa. Superior Ct. 91, 96. See also Lansdowne Borough v. Water Company, 16 Pa. Superior Ct. 490.

While not averred in the petition for appeal, appellants at the argument suggested that the motive of the borough council in adopting the ordinance in question was improper and that its purpose was to obtain for one Sabella the exclusive right to operate the sole

bus terminal within the borough limits. Since we have declared the third section invalid and since this is the only portion of the ordinance which relates to bus terminals, perhaps this matter need not be discussed. However, unless the official action of the borough was induced by bribery or improper rewards tendered to the councilmen (Thomas v. Inter-County St. Ry., 167 Pa. 120), "the motives of the members of council in voting for an ordinance within their corporate powers will not invalidate the legality of the ordinance": Borough of Freeport v. Marks, 59 Pa. 253.

We, therefore, enter the following

### Decree

And now, June 6, 1947, after argument and upon due consideration, it is hereby ordered, adjudged and decreed that section three of ordinance no. 203 of the Borough of Barnesboro is hereby declared to be invalid and void, and that the remainder of the ordinance is hereby declared to be valid; the costs of this appeal to be divided between the parties.