# York Township v. Suburban Bowlerama, Inc.

*Stock & Leader*, for plaintiff.

*Markowitz & Kagen*, for defendants.

ATKINS, P.J., November 5, 1962.—Plaintiff has instituted an action to collect amusement taxes allegedly due by defendant under ordinance no. 42 enacted by plaintiff on April 3, 1962, which imposes a tax on admissions to certain enumerated amusements, including "bowling establishment, bowling game."

The complaint alleges that defendant is the owner and operator of a bowling alley located in the township, and that it failed to report to the treasurer of the township the total admissions charged or collected after the effective date of the ordinance, and to pay the tax allegedly due thereon.

Defendant has filed preliminary objections, four in number, but at the time of argument advised the court that only the second objection would be pressed. This

objection is that the ordinance is unconstitutional and void in that it violates article III, section 3, of the Constitution of Pennsylvania which provides as follows: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

In support of its position, defendant relies upon an unreported case decided by the Court of Common Pleas of Delaware County, Borough of Brookhaven v. Brookhaven Bowling Lanes, Inc., no. 633 December term, 1961, where the court held that the title of the ordinance in that case was defective as being in violation of the section of the Constitution referred to.

In at least two cases the Superior Court has held that this provision of the Constitution does not apply to municipal ordinances: Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271, and Donahue v. Borough of Punxsutawney, 86 Pa. Superior Ct. 337. In each of those cases, while saying that the constitutional provision did not apply to borough ordinances, the respective ordinances did have a title, and the court said that the titles were sufficient. We think that the law in this respect is well stated by the late Judge Reno when he was on the Court of Common Pleas of Lehigh County in Landis v. Borough of Coopersburg, 10 Lehigh 26, 41. Judge Reno said: "The Borough Code (Act May 14, 1915, P.L. 312) does not require that ordinances enacted by boroughs shall contain a title. It has been held that an ordinance of a municipality is not a law within the meaning of the constitutional provision requiring that the subject of the enactment be clearly expressed in a title: Corry v. Corry Chair Co., 18 Pa. Super. Ct. 271, 279. It is true that in Storch v. Lansdowne, 239 Pa. 306, the Supreme Court considered the alleged defectiveness of a title of a borough ordinance and used expressions which might imply that a title is an essential part of a borough ordinance even in the absence of legislative requirement. But

in view of the fact that there is no provision in the organic law regulating boroughs requiring ordinances to have titles we think that, at most, this case is authority only for the rule that if a title is used it may not be unduly misleading." The title of this ordinance is not misleading in any way.

In the First Class Township Code of May 27, 1949, P. L. 1955, there is no provision regarding titles to ordinances. Therefore we think the same reasoning applied by Judge Reno to the effect of the Borough Code applies in this situation.

Defendant in its brief calls attention to section 1502 of the First Class Township Law of June 24, 1931, P. L. 1206, added by Act of May 27, 1949, P. L. 1955, sec. 32, 53 PS §56552, which provides: "General Powers: To make and adopt all such ordinances, by-laws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth as may be deemed expedient or necessary for the proper management, care and control of the township and its finances, and the maintenance of peace, good government and welfare of the township and its trade, commerce and manufactures." As we understand defendant's position, it is that township ordinances are brought within the purview of article III, section 3, of the Constitution by the clause "restrained by the Constitution" in the above section of the First Class Township Code. No authority has been cited by defendant in support of that construction, nor have we found any. We do not believe that the legislature in making this section of the Township Code had in mind the form of the ordinance, but that it was referring to the general powers of the township to legislate upon particular subjects. We have the utmost respect for the Delaware County Court of Common Pleas, but in the Brookhaven case, supra, no reference is made to any of the authorities hereinbefore referred to, and appar-

ently they were not called to the attention of the court, nor considered by it. We, therefore, are constrained not to follow that case.

At the argument there was considerable discussion by both parties as to the actual method of operation of a bowling alley, and it was suggested that it is possible for people to gain entrance to the general area where the alleys may be observed without any admission charge whatsoever, and that the only time a charge is made is when a prospective player actually enters into the playing area to personally participate in the act of bowling. On the state of the record, this phase of the case is not actually before the court, because there is nothing in the complaint regarding this phase of the case.

On the record as it is presently presented, we dismiss the preliminary objections and enter this

*Order*

And now, to wit, November 5, 1962, it is ordered, adjudged and decreed that the preliminary objections filed by defendant be and are hereby dismissed, and defendant is granted 20 days from the date of this order to file an answer to the complaint filed herein.

An exception is granted to defendant to the action of the court in this regard.