## Borough of Coopersburg v. Cliff

*James L. Weirbach*, for petitioner.

*Alfred K. Hettinger*, for respondent.

HENNINGER, P. J., July 15, 1958.—Joseph Cliff is a property owner, resident and the duly elected tax collector of the Borough of Coopersburg.

On March 1, 1955, the borough council passed an ordinance forbidding the accumulation of garbage on

private property and providing for its collection by the borough at rates to be established by resolution and which were duly established at $16 per dwelling unit with other scales for business uses. The resolution also provided that the borough secretary was to receive a commission of two and one-quarter percent of all charges collected and that the tax collector was *authorized* to take all steps provided by law to collect the said charges and to prosecute any violations.

On May 7, 1957, the borough filed a petition for a declaratory judgment, reciting the above facts and that there are delinquent accounts for 1955 and 1956 which respondent refuses to collect because he believes the method of charging is incorrect and asking for a construction of the ordinance. Respondent filed preliminary objections to the procedure, which we sustained in part because parties affected had not been joined as parties.

Plaintiff, on September 4, 1957, amended its petition and notified to plead as many of those delinquent in payment as could be reached. Respondent again filed preliminary objections that the garbage tax was invalid and unconstitutional. These were summarily dismissed without prejudice at argument.

On December 11, 1957, respondent filed an answer and new matter, denying any obligation on respondent as tax collector to collect said tax, asserting that the ordinance was not signed by the president of council, that only those requiring service should pay therefor. Under new matter, the same objections are raised and the further ones that the contract for garbage collection was not properly awarded, that the criminal penalties are illegal, that not the borough but an independent contractor is collecting the garbage, that it denies citizens the right to dispose of garbage privately or as fertilizer, that the provision for containers applies solely to users and that the penalty for nonpayment is excessive.

The borough filed a reply which denied the allegations in new matter or declared them immaterial. Much of the new matter and all of the reply relate to matters of law but at this stage of the case there is no harm done by the inclusion of legal conclusions in the pleadings . . .

## Discussion

This action for declaratory judgment was begun originally to compel the original respondent as tax collector to proceed against himself and others to collect assessments for garbage removal.

As we read the amended petition, this purpose for the declaratory judgment has been abandoned and the sole remaining purpose is to determine whether the charges for garbage removal are valid as against persons who may not desire to have the municipality remove their garbage.

Clearly, the borough could not have compelled the tax collector to proceed against delinquent accounts because he was not charged with collection of the tax. He was not only deprived of the revenue on voluntary payments but insult was added to injury by the presumptuous demand that he assume responsibility for the stale and difficult accounts without even the meager percentage allowed for voluntary payments. It goes without saying that the word "authorized" did not create an obligation and we doubt that such an obligation could have been created under the circumstances even if appropriate language had been used.

As we understand respondent's objection to payment of the tax, it is that it is a service charge and can be collected solely from those who use the service. He personally prefers to use his garbage as compost for his garden and he states that there are others, without naming them, who have sewage disposal units in their homes.

Granting that service charges cannot be taxed against those who are not benefited by the services, such as persons who own only vacant lots and others, it does not follow that the borough is unable to collect from those who are required by law to use the service, but who prefer not to do so.

In the first place, it is unlikely that those who use garbage for compost or those who have disposal units do not also have an accumulation of bottles, cans or other material incapable of complete disposal.

Further, it is unlawful under the ordinance for such persons to accumulate or bring such material on private property within the borough. It is also unlawful for anyone to remove such material for hire.

It can, therefore, be assumed, considering the indestructibility of matter, that every householder will have some garbage, as defined by the ordinance, that he is incapable of disposing of without violation of the ordinance, except perhaps if he were to haul it personally outside the borough limits. This is less true of business or manufacturing establishments, but it is a fair deduction that every one of these will accumulate at least some amount of garbage in the course of a week.

The borough cannot be expected to police its streets to determine what household units are vacant, whether they have remained vacant or whether they have somehow managed in these days of cans and bottles to have completely consumed all garbage upon the premises or otherwise disposed of it within the narrow permissible limits of the ordinance. If there were such cases, they could be taken care of by exoneration or abatement.

The borough was within its rights in forbidding the accumulation of garbage. Article XII, clause XIII, of the Borough Code of May 4, 1927, P. L. 519, as amended, 53 PS §46213, authorizes boroughs: ". . . to prohibit accumulation of garbage or rubbish upon

private properties, and to prescribe penalties for the enforcement thereof."

The borough was also within its rights in providing for the removal of garbage under clause XIV of the same section, 53 PS §46214, which reads as follows:

"To make regulations for the care and removal of garbage and other refuse material, including the imposition and collection of reasonable fees and charges therefor, and to prescribe fines and penalties for the violation of such regulations."

The above provision is properly exercised by the awarding of a contract for garbage removal: Mateer v. Swissvale Borough, 335 Pa. 345. The Mateer case which was a direct attack on the method of awarding the contract also provides, at page 353, that a slight deviation from prescribed procedure did not vitiate a contract made in good faith within the powers of borough council.

In our case, respondent is attacking the contract collaterally by questioning the rates upon which assessments were based. There is nothing on the record to show either that the contract price was excessive or that the total to be realized out of the assessments is unreasonable in relation to the cost of removal and disposal of garbage.

The borough had the right to prevent others from removing garbage for hire. See Butler v. Nuth, 361 Pa. 484, 488; Clearfield Borough v. Rider, 17 D. & C. 197, 198.

Respondent Cliff's specific reason for not desiring the borough's garbage removal service, namely for the use of the garbage as compost, is one that violates the ordinance. The other respondents have not advanced a reason for noncompliance. We may assume, therefore, that no valid reason exists for their refusal to comply with the borough's system for disposal of garbage and for collection of the necessary fees. Further, the amount

having been assessed, this is not an appropriate method of attacking the assessment.

Since then these property owners were obliged under the ordinance to avail themselves of the borough's garbage collection system, the borough had the right to collect the cost from them, although they chose to violate the ordinance rather than accept the borough's service. There is no analogy between assessment of units occupied either as a home or as a place of business by human beings and the assessment of vacant lots for services which can be used only by residents.

It is our opinion, therefore, that the assessments are proper and should be paid. We believe, however, that no penalties are collectible. These payments were due without benefit of discount on May 1, 1955, and April 1, 1956, respectively. The tax bills, however, charged delinquent taxpayers with a penalty of 10 percent a month, a figure absolutely without foundation and exorbitant, even if there had been color of authority.

It is not surprising if taxpayers who had already suffered a 33⅓ percent penalty over the net tax by failing to take advantage of the 25 percent discount, refused to pay the illegally demanded 10 percent per month penalty.

Even the 20 percent penalty provided by the ordinance would mean that the delinquent taxpayer would pay 60 percent more than the cost of service as based upon the net payment asked. We are of the opinion, therefore, that although petitioner is entitled to the defaulted gross assessments with interest, the penalty is not collectible either because of its size or because of the demand for an illegal penalty.

Since the added respondents have not shown why the assessment of a service charge should not apply to them, we make but one exception apparent on the face of the proceedings.

Granting that the school board could be made responsible for a service charge, the borough has made no category referable to it. Even the catch-all clause is a subheading under "Business" and cannot be made to apply to a municipal agency. Furthermore, the school board cannot be made a party to this proceeding by service upon the wife of the superintendent at his home. She is surely not an agent authorized to receive service of process under Pennsylvania Rule of Civil Procedure 2104(b).

The court applies to the facts as found, the following

*Conclusions of Law*

1. Under the provisions of the Borough Code, petitioner, The Borough of Coopersburg, has the corporate power to make regulations for the care and removal of garbage and other refuse material, including the imposition and collection of reasonable fees and charges therefor, and to prescribe fines and penalties for the violation of such regulations.

2. Petitioner did promulgate regulations for the care and removal of garbage, the impositions of fees and charges for same and the imposition of penalties for violations of those regulations, which regulations were duly and regularly promulgated by Ordinance no. 179 and Resolution no. 59.

3. Respondent William Joseph Cliff, as a tax collector, has not been formally directed by petitioner to take any steps or action concerning the collection of charges levied under the garbage resolution and ordinance.

4. Respondent William Joseph Cliff, as an individual, resident of the Borough of Coopersburg, is subject to the provisions of the garbage collection ordinance and resolution.

5. It is no defense to a charge made under the provisions of Resolution no. 59 for the cost of service as prescribed by the resolution, that the individual subject

to the charge for service did not need the service or use the same because of his use of his own property in avoidance of his need to call upon the service.

6. One cannot avoid compliance with the terms of an ordinance by means which are prohibited by that same ordinance.

7. A municipality is authorized in the exercise of its power to regulate for the health, safety and welfare of its citizens, to require that individuals relinquish the opportunity to make personal gain and profit from the utilization of refuse and garbage on their own property when that means has been determined to be not in the best interests of the health and welfare of the community.

8. All persons personally served with a copy of a petition for a declaratory judgment endorsed with a notice to plead as prescribed by the Uniform Declaratory Judgment Act of May 22, 1935, P. L. 228, 12 PS §850, become bound by the judgment or decree subsequently entered by the court in the subject proceeding.

9. Ordinance no. 179 of 1955 makes no mandatory authority upon the tax collector, who is duly elected for the Borough of Coopersburg to make the collections for garbage services.

Now, July 15, 1958, it is hereby declared as the judgment of this court, that the persons named in finding of fact no. 11, with the exception of the Southern Lehigh School District, are severally indebted to the Borough of Coopersburg in connection with their respective properties situated therein, for garbage service in the amounts set opposite their respective names with interest thereon at six percent per annum from May 1, 1955, for 1955 charges and from April 1, 1956, for 1956 charges and without further penalty, and it is further the judgment of this court that Joseph Cliff, also known as William Joseph Cliff, has no obliga-

584

tion, as the duly qualified tax collector of the Borough of Coopersburg, to take any steps to procure the collection of any of these claims.