Githens, Rexsamer & Co., Inc., Appellant, *v.* Wildstein.

Argued November 23, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Theodore W. Flowers,* with him *White & Williams,* for appellant.

*Harry A. Short, Jr.,* with him *Liebert, Harvey, Herting, Short & Lavin,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, May 13, 1971:
Plaintiff-appellant, Githens, Rexamer & Co., Inc., instituted an action in trespass for property damage resulting from a fire which had its origin on the prem-

ises of defendant-appellees, Harold Wildstein, Manuel Wildstein and Hannah Blitzstein, t/a M. Wildstein & Sons.*

Plaintiff was the owner of the premises 242-44 North Delaware Avenue, Philadelphia. Defendants were the owners of the adjoining premises, a five-story building, at 246-52 North Delaware Avenue. On June 18, 1959, a fire broke out on defendants' premises, ultimately resulting in the fire companies which answered the alarm tearing holes in the roof of plaintiff's building and spraying water thereon. Plaintiff chose to first submit to the Court the issue of liability and withheld its testimony on damages until defendants' motion for nonsuit was ruled upon. Defendants' motion for a nonsuit was granted which the Court en banc refused to remove, and this appeal followed.

Plaintiff offered no evidence as to the cause of the fire or any causative negligence, but alleged liability solely on the basis of a violation of the Fire Code. To establish liability, plaintiff offered evidence to prove (1) that defendants stored empty boxes within two feet of its third floor ceiling, in violation of a municipal ordinance,** Section 5-3102(4) of the Fire Code of

---

* This matter was before our Court once before, in *Githens, Rexsamer & Company, Inc., v. Wildstein*, 428 Pa. 201, 236 A. 2d 792, and was remanded for a new trial for reasons irrelevant herein.

** "Section 5-3102. Control of Conditions Tending to Create Fire Hazards . . . (4) No person shall store any combustible empty packing cases, boxes, barrels or other similar containers except in the open. This prohibition shall not apply to storage within a manufacturing or other establishment of sufficient packing boxes, barrels or other similar containers to properly carry on its operations, but such storage shall be orderly, *shall not be within two feet of any ceiling structure* and not so located as to impede exit from the building. Storage in the open of packing cases, boxes, barrels or other similar combustible containers shall be in piles or units extending *not more than twenty feet in any dimension* with not less than twelve feet between piles and units, and shall be so lo-

the City of Philadelphia; (2) that these empty boxes caused the fire *of unknown origin* to spread to the upper floors of plaintiff's building; (3) that the fire would not have spread had the boxes not been so stored; and (4) that the spread of the fire to the upper floors made it necessary for the fire companies to ventilate plaintiff's property, causing damage to the roof of its premises, as well as water damage to the material contained therein.

Appellant asserts that a possessor of land has a duty to maintain his property in such a manner as to prevent the spread of fire to adjoining premises. Plaintiff has cited, and we have found, no Pennsylvania case establishing this principle. Plaintiff relies upon *Boyle v. South Pittsburgh Water Company,* 414 Pa. 199, 199 A. 2d 875, and *Malter v. South Pittsburgh Water Company and Whitehall Borough,* 414 Pa. 231, 198 A. 2d 850. In those cases, this Court held that a property owner stated a valid cause of action against a water company for its failure to have its hydrants in proper working order where (it was alleged) this failure made it impossible for the fire company to extinguish the fire in time to avoid total destruction of the premises. These cases are clearly distinguishable. In neither instance was liability imposed on a landowner, but rather on a water company which had undertaken to supply water for the hydrants to be used for fire fighting purposes.

Plaintiff cites decisions in other jurisdictions which hold that an owner of property who allows his premises to remain in such a condition as to facilitate the spread of fire to adjoining property is liable for the ensuing damage. See, e.g., Anno. 18 A.L.R. 2d 1071; *Menth v. Breeze Corporation,* 4 N.J. 428, 73 A. 2d 183; *Arneil v. Schnitzer,* 173 Ore. 179, 144 P. 2d 707; *Reid*

cated, with respect to any buildings, as not to constitute a hazard. All such storage shall be in a compact and orderly manner." (Emphasis supplied.)

& *Sibell, Inc., v. Gilmore and Edwards Company,* 285 P. 2d 364 (Cal. 1955). However, even if we were to adopt this principle, each of the aforesaid cases would be distinguishable because the dangerous or unsafe condition *was the accumulation of highly combustible and inflammable material, such as oily rags and debris.*

Plaintiff relies solely upon the violation of the above-mentioned Fire Code to create and impose liability, and this without any proof of the cause of the fire. In the last analysis, plaintiff has failed to establish any legal relationship or causal connection between the spread of the fire and the violation of the Fire Code. In other words, the Fire Code alone is insufficient and legally inadequate to impose liability.

Order affirmed.

Mr. Justice COHEN took no part in the decision of this case.