The Fox Chapel Sanitary Authority *v.* Dominic C. Abbott and Edna J. Abbott, his wife, Appellants.

Argued November 3, 1977, before Judges CRUMLISH, JR. and BLATT, sitting as a panel of two.

*Mark L. Unatin,* with him *Kessler, Goldman & Unatin,* for appellants.

*R. C. Riethmuller,* with him *Markus, Riethmuller & Smith,* for appellee.

Opinion by Judge Crumlish, Jr., April 13, 1978:

Dominic C. Abbott and Edna J. Abbott appeal the denial of their petition for a rule to show cause why the judgment should not be opened relative to a default judgment obtained by the Fox Chapel Sanitary Authority (Appellee) for their failure to file an affidavit of defense to its writ of scire facias sur municipal claim.[1]

"[O]nly when there has been an abuse of discretion by the court below in refusing to open a default judgment" will an appellate court intervene. *Kraynick v. Hertz*, 443 Pa. 105, 109, 277 A.2d 144, 146 (1971). We find no abuse of discretion and affirm the Court of Common Pleas of Allegheny County on the basis of the reasoning contained in Judge Ziegler's learned opinion dated December 3, 1976, and found at No. GD 75-25757, which follows:

"Defendants, Dominic and Edna Abbott, filed a petition for rule to show cause relative to a default judgment entered for failure to file an affidavit of defense to plaintiff's writ of scire facias sur municipal claim. The court refused to issue a rule and denied the petition. Exceptions were filed. We have carefully reviewed the contentions advanced by defendants and conclude that the exceptions must be denied.

"The municipal claim arose secondary to construction of a sewer by the Fox Chapel Sanitary Authority (Fox Chapel). The municipal claim was filed at No. 2026 January Term, 1974 on November 20, 1973. Viewers were appointed by the court at No. 806 October Term, 1968 to assess the benefit to defendants' property. A writ of execution was issued at No. GD 75-25757. Defendants then petitioned the court for a rule to show cause alleging (1) the writ of scire facias did

---

[1] A writ of scire facias sur municipal claim is a writ used to enforce payment of a municipal claim out of the real estate upon which such claim is a lien.

not exhibit a notice to plead, and (2) the property did not benefit from the improvement.

"The record establishes that the value of the benefit to the Abbott property was assessed by a Board of Viewers. Defendants received notice of both that proceeding and the filing of the Viewers' report. No exceptions were filed to the Viewers' report and no appeal was taken.

"The requirements for opening a default judgment are well established. The petition must be timely, a reasonable explanation must be tendered for failure to answer or appear, and a defense on the merits must be shown. Fox v. Mellon, 438 Pa. 364, 264 A.2d 623 (1970); Cherry Steel Corp. v. Ashbourne C.C., 227 Pa. Super. 433, 323 A.2d 231 (1974). No defense on the merits has been shown in this case. Defendants allege that their property did not benefit from construction of the sewer. However, the Viewers appointed to assess the benefit to the realty concluded that a benefit had indeed been conveyed.

"No exception of the Viewers' report or appeal was taken. The report, therefore, is final and it cannot be collaterally attacked in this proceeding. Consequently, defendants' allegation relative to absence of benefit is not a defense to a scire facias sur municipal claim action. Corry v. Corry Chair Co., 18 Pa. Super. Ct. 271 (1901); Mt. Lebanon v. McAllister, 64 P.L.J. 113 (1916); Borough of Tarentum v. Presbyterian Church, 57 P.L.J. 303 (1909). Because no defense existed to the action, it was within the sound discretion of the court to refuse the rule. North Star Coal Co. v. Eddy, 442 Pa. 583, 277 A.2d 157 (1971).

"The allegation that the writ of scire facias did not exhibit a notice to plead is spurious. The record reflects the fact that the writ contained such a notice. Indeed, defendants concede in their brief the writ exhibited the notice. They have, however, modified their

position by contending the notice was not apparent because it was covered by a description of the property which was affixed to the writ. This contention relates solely to the issue of whether a reasonable explanation of their failure to file an answer exists. This issue need not be considered because we have concluded that a defense on the merits is absent.

"For the foregoing reasons, the exception of Dominic C. Abbott and Edna J. Abbott, his wife, must be denied."

ORDER

AND Now, this 13th day of April, 1978, the order of the Court of Common Pleas of Allegheny County is affirmed.