## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania, | : |
| ex rel. George Havens, | : |
|            Petitioner | : |
| | : |
|         v. | : No. 84 M.D. 2013 |
| | : Submitted: August 5, 2016 |
| Pennsylvania Department of | : |
| Corrections, | : |
|            Respondent | : |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: August 26, 2016


Before this Court in our original jurisdiction is a motion for summary relief filed by the Pennsylvania Department of Corrections (Department) to George Havens' (Havens) *pro se* petition for review claiming that the Department failed to properly calculate the sentences he is now serving. For the reasons that follow, we grant the Department's application for summary relief and dismiss Havens' petition for review.


**I.**

Havens is an an inmate at the State Correctional Institution at Benner Township. On April 23, 1998, pursuant to a plea agreement, Havens was sentenced

in the Court of Common Pleas of York County to an 8- to 20-year term of imprisonment. On May 16, 2005, Havens was released to a Community Corrections Center. On May 30, 2005, Havens was declared an escapee and was ultimately apprehended on October 10, 2005. Havens was charged by various police departments with a number of new offenses following his apprehension, including numerous burglaries, theft, several escapes, rape on an unconscious person, and other charges.

On April 3, 2006, pursuant to a plea agreement, Havens was sentenced in the Court of Common Pleas of Dauphin County to a one- to two-year consecutive term of imprisonment that disposed of a number of offenses. On August 14, 2006, also pursuant to a plea agreement, Havens was sentenced in the Court of Common Pleas of York County to a consecutive 17½- to 35-year term of imprisonment for the remaining felonies.

In February 2013, Havens filed a petition for review in the nature of a request for a writ of mandamus to this Court alleging that in September 2010, the Department miscalculated his aggregated minimum sentence to be 38 years, 10 months and his maximum sentence to be 81 years, 10 months, less the time he was declared a fugitive. The petition did not set forth with any specificity the errors the Department made. The Department filed preliminary objections seeking dismissal of the petition because it was filed beyond the six-month statute of limitation provided for in Section 5522(b)(1) of the Judicial Code, 42 Pa. C.S. §5522(b)(1), to bring an action against any officer. The Department also asserted that the petition should be

dismissed under the doctrine of laches because Havens waited over two years from the time the Department allegedly miscalculated his sentences to file his petition.

We overruled the Department's preliminary objections,[1] finding that the Department may only imprison an inmate to the time set forth by his sentencing courts, and the Department's holding the inmate even a day beyond the release date is a violation of its ministerial duty and makes each day a separate violation against which to calculate the running of the six-month statute. With regard to the Department's laches argument, we reasoned that the argument failed because, although Havens waited to file his petition for review, the Department would still be able to calculate the service of his sentences. In November 2013, the Department filed an answer to Havens' petition for review. Because the matter lay dormant, in November 2015, we issued a rule to show cause against Havens as to why the action should not be dismissed. After Havens filed an answer, we discharged the rule and directed Havens to advance his case.

## II.

Havens then filed a motion for judgment on the pleadings[2] in which he was more specific as to how the Department miscalculated his sentence, explaining:

---

[1] *Commonwealth ex rel. Havens v. Pennsylvania Department of Corrections* (Pa. Cmwlth. No. 84 M.D. 2013, filed September 5, 2013).

[2] "A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law." *Newberry Township v. Stambaugh*, 848 A.2d 173, 175 n.1 (Pa. Cmwlth. 2004).

2.6 When respondent [Department] aggregated these sentences they [sic] ran each sentence consecutive and not concurrent as per the [c]ourt sentencing order. And herein lies the rub – on COMPUTATION #125, it demonstrates the sentence structure of escape, which is correct with the aggregation of COMPUTATION #77 with the 1998 – 8-20 year sentence. I.e., this shows the added time for the escape petition was on the run for…;

2.7 However, on COMPUTATION #126[3] (CP-5292, ct. 1/2006 and CP-4798 ct. 1/2006), are to be concurrent with one another…. Case number CP-0181 ct. 1/2006[4] and CP-

---

[3] According to the Sentence Status Summary, the Sentence Structure for Computation 126 is as follows:

| Item | Computation 126 |
|---|---|
| Indictments Included | CP5292 CT1/2006 |
| | 7382;106;156;483;485;749; |
| | CP4798 CT1/2006 |
| | CP0054 CT1/2006 |
| | |
| | CP5292 CT1/2006 |
| | CP0108 CT1/2006 |
| | CP4798 CT1/2006 |
| | CP0054 CT1/2006 |
| Eff Date | 08/14/2006 |
| Expiration of Minimum | 06/14/2036 |
| Expiration of Maximum | 06/14/2066 |
| Sentence Computation Date | 09/07/2010 |
| Basis for Computation | Overlapping Concurrent Aggregation |
| Total Sentence | 29Y10M - 59Y10M |
| Status | Active |

(Respondent's Brief, Exhibit A-1 at 25.)

[4] The Department notes that although Havens' references "CP-0181" in his motion for judgment on the pleadings, the Department has no record of the sentence, nor has Havens supplied any evidence of the sentence. Given Havens' argument, we surmise that the "CP-0181" is a typographical error and that this is, instead, a reference to "CP-0108."

4

0054 ct. 1/2006 are to run concurrent with one another, but consecutive to concurrent sentences @ CP-5297 [sic] and CP-4798…;

2.8 On COMPUTATION #126, all Four [sic] (4) case numbers CP-0054, CP-0181, CP-4798 and CP-5292 are calculated as consecutive, notwithstanding over lapping [sic] concurrent aggregation. And all of these case numbers were added up as consecutive sentences – for a total of 29y 10mo to 59y 10mo, as stated above. But, court documents CP-0181 and CP-0054 are to be [sic] run concurrent. And CP-4798 and CP-5292 are to run concurrent and consecutive to CP-0181 and CP-0054, for a total of 26½ yrs. to 57 yrs., starting from the aggregation sentence of 1998 that should bring a minimum date to 8.21.2024.

(Havens' Motion for Judgment on the Pleadings at ¶¶2.6-2.8) (footnotes added).

In response, the Department filed a response and cross-application for summary relief[5] in which it asserts that this Court should dismiss Havens' petition because he has not established a clear legal right to relief because in his challenge, he fails to incontrovertibly establish that the Department's calculation of his sentence is incorrect. The Department notes that in calculating an inmate's sentence, it must rely on the sentencing orders and court commitment forms that it receives from the sentencing court, and that based on all available documentation, it properly calculated Havens' sentence.

---

[5] Pa. R.A.P. 1532(b). An application for summary relief may be granted "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter ... if the right of the applicant thereto is clear." *Id.* The application will be denied where there are material facts in dispute or it is not clear that the applicant is entitled to judgment as a matter of law. *Brown v. Department of Corrections*, 932 A.2d 316, 318 (Pa. Cmwlth. 2007).

Because he failed to file a brief in support of his motion for judgment on the pleadings as directed by this Court, by order dated June 16, 2016, we dismissed Havens' motion for judgment on the pleadings.

## III.

In support of its motion for summary relief, the Department, in its brief to this Court,[6] again argues that it can only rely on sentencing orders and court commitment forms from the sentencing court in calculating an inmate's sentence and cannot add or delete sentencing conditions. As such, it contends its calculation of Havens' sentence is accurate based on the sentencing orders it was provided. The Department maintains that Calculation 126 is founded on two groupings of aggregations as per the 300(b) Court Commitments from the Court of Common Pleas of York County. Specifically, the Department explains that the court case docketed at "CP-[0]108 is consecutive to CP-4798; CP-5292 is consecutive to CP-[0]108; [and] CP-0054 is consecutive to CP-5232 [sic]." (Respondent's Brief at 13.)

We agree with the Department that, upon review of the 300(b) Court Commitments by the Court of Common Pleas of York County, the CP-0054 and CP-0108 sentences are to be served concurrently, and the sentences at CP-4798 and CP-5292 are also to be served concurrently. Under the terms of the order, these two concurrent groupings are to be served consecutive to each other. That is, CP-0054 and CP-0108 are consecutive to CP-4798 and CP-5292. The Department's

---

[6] Havens was precluded from filing a brief in opposition to the Department's motion because he failed to file said brief by the date ordered by this Court.

calculation of Havens' sentence follows the Court of Common Pleas' sentencing orders and is accurate.

Accordingly, the Department's application for summary relief is granted and Havens' petition for review is dismissed.

_____

DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,                  :
ex rel. George Havens,                         :
                    Petitioner                 :
                                               :
         v.                                    : No. 84 M.D. 2013
                                               :
Pennsylvania Department of                     :
Corrections,                                   :
                    Respondent                 :

# **O R D E R**

AND NOW, this 26th day of August, 2016, the Pennsylvania Department of Corrections' application for summary relief dated February 26, 2016, is hereby granted. George Havens' petition for review is dismissed.

_____
DAN PELLEGRINI, Senior Judge