IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Municipality of Norristown        :
                                   :
    v.                           :  No. 917 C.D. 2019
                                   :  SUBMITTED:  March 26, 2020
JAR Investments, Inc.,        :
             Appellant      :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ELLEN CEISLER, Judge (P)
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED:  May 4, 2020

       JAR Investments, Inc. (JAR) appeals from an order of the Court of Common Pleas of Montgomery County (trial court)[1] granting judgment in favor of the Municipality of Norristown (Norristown) for delinquent trash fees relating to JAR's two-unit rental property at 271 East Main Street in Norristown (Property).[2]  After thorough review, we affirm the trial court's order.

---

[1] The Honorable Bernard A. Moore, Senior Judge, presided.

[2] A separate but similar appeal by JAR Investments, Inc. (JAR) is pending before this Court regarding another JAR rental property at 249 East Main Street in Norristown.  That appeal is *Municipality of Norristown v. JAR Investments, Inc.* (Pa. Cmwlth. No. 919 C.D. 2019).  By order dated October 9, 2019, this Court denied JAR's application to consolidate the two appeals, because the trial court held separate hearings (although much of the evidence in the first hearing was also considered as evidence in the second hearing, *see* Reproduced Record at 207a, 254a), and issued separate opinions.  The two appeals were argued seriately and are being decided contemporaneously and consistently with each other.

## I. Background

Norristown has enacted an ordinance to provide for removal of trash from real properties in the municipality (the Ordinance),[3] through a contract with a designated trash removal service, currently J.P. Mascaro & Sons. *See* Reproduced Record (R.R.) at 28a-34a. Norristown sets the amounts of the trash fees periodically. R.R. at 93a; *see, e.g.*, R.R. at 35a, 50a-51a, 67a, 88a-91a.

The Ordinance generally applies to all residential properties. However, certain properties are exempt from the Ordinance. Relevant here, an exemption applies to any rental property that has more than four rental units and for which Norristown's trash removal service is not used. R.R. 32a-33a.

JAR has owned the Property since 1990. The Property has two rental units and is listed as a duplex on tax records. JAR has never used Norristown's trash removal service. Instead, JAR contracts with a private trash removal service, Waste Management, Inc., for trash removal from all of its rental properties in Norristown, including the Property. However, JAR never formally sought an exemption from the Ordinance regarding the Property.

The trash fees appear on property owners' annual real property tax bills, along with county and borough taxes. R.R. at 158a, 252a. The Montgomery County Tax Claim Bureau (Tax Claim Bureau), through Northeast Revenue Service, LLC, collects delinquent real property taxes. *Id.* at 151a. However, the Tax Claim Bureau does not collect delinquent trash fees; those charges are currently collected for Norristown by Portnoff Law Associates, Ltd. (Portnoff) and were previously collected by Norristown itself. *Id.*

---

[3] NORRISTOWN, PA., Admin. Code, ch. 274, art. I (2008).

JAR admittedly received bills from Norristown for trash fees relating to the Property as part of its annual tax bills. R.R. at 252a. From at least 2010 on, however, JAR did not pay the trash fees.[4]

As authorized by the statute popularly known as the Municipal Claims and Tax Liens Act (Lien Act),[5] Norristown filed liens against the Property for unpaid trash fees for the years 2010 through 2016. JAR denies having received notice of the liens when they were originally filed. Although Norristown offered testimony concerning its normal practice of sending notices of all liens, it did not produce copies of any notices sent to JAR contemporaneously with the filings of the liens.

In 2017, the various liens were consolidated at Portnoff's request by order of the trial court. In August 2017, Portnoff sent a certified letter notifying JAR of all of the trash fee delinquencies and the related liens regarding the Property. R.R. at 173a, 177a-79a. Although JAR denies receiving the notice letter, the certified letter was sent to JAR's business address in Norristown, and Portnoff received a signed return receipt evidencing delivery of the letter. *Id.* at 179a.

---

[4] JAR has been struggling for the past decade with real property tax delinquencies relating to its rental properties and has been making payments to the Montgomery County Tax Claim Bureau (Tax Claim Bureau). JAR claims it did not pay delinquent trash fees during that time because it assumed the delinquent trash fees were included in the delinquent taxes. JAR blames the Tax Claim Bureau for not affirmatively pointing out that the trash fees were not part of the tax delinquencies being collected by the Tax Claim Bureau. However, the issues JAR raises on appeal do not relate to its alleged belief that it was paying the delinquent trash fees along with its delinquent taxes; rather, JAR's arguments before this Court focus on the reasons why JAR believes it is not required to pay Norristown's trash fees at all.

[5] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455, popularly known as the Municipal Claims and Tax Liens Law (Lien Act), provides that "all municipal claims which may be lawfully imposed or assessed on any property in this Commonwealth . . . shall be and they are hereby declared to be a lien on said property." Section 3 of the Lien Act, 53 P.S. § 7106(a). Section 4 provides that the lien "shall exist in favor of, and the claim therefore may be filed against the property thereby benefited by, the municipality extending the benefit." 53 P.S. § 7107.

3

In July 2018, the delinquent trash fees remained unpaid, and Portnoff filed a writ of *scire facias* (writ)[6] in the trial court seeking to reduce them to a judgment. *Id.* at 177a, 180a-81a. JAR's attorney accepted service of the writ. *Id.* at 181a.

JAR asserted various defenses to the writ. JAR argued the trash fees were unlawful and excessive because it hired its own trash removal service for its rental properties and did not use Norristown's contracted service. JAR also contended it was entitled to an exemption from the Ordinance because its various rental properties, although separate, were close to each other and collectively contained more than four rental units. JAR further claimed that although it received notice of delinquent *taxes* on the Property, it did not receive notice of any delinquent *trash fees* until the writ was filed in 2018. Finally, JAR argued the liens were defective and invalid because the lien documents did not contain all of the information required by the Lien Act.

The trial court held a hearing on the writ in May 2019. Following the hearing, the trial court entered judgment in favor of Norristown and against JAR, together with a 10% penalty and interest at the rate of 10% as provided in the Ordinance. *See* R.R. at 28a, 68a-69a (authorizing 10% interest); 33a (authorizing 10% penalty).

---

[6] A writ of *scire facias* (writ) is used to enforce payment of a municipal claim against real property on which the claim is a lien. *Newberry Twp. v. Stambaugh*, 848 A.2d 173 (Pa. Cmwlth. 2004) (citing *Fox Chapel Sanitary Auth. v. Abbott*, 384 A.2d 1012 (Pa. Cmwlth. 1978)). The writ directs the sheriff to notify the defendant to appear before the court and show cause why the municipality should not be permitted to enforce its claim. *Stambaugh* (citing *Shapiro v. Ctr. Twp.*, 632 A.2d 994 (Pa. Cmwlth. 1993)). The purpose of the writ is to ascertain the sum due on a lien and give the defendant an opportunity to show why the municipality should not have execution. *Stambaugh* (citing *Shapiro*).

4

In its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a) (Tr. Ct. Op.),[7] the trial court explained its rejection of each of JAR's arguments. Regarding JAR's private contract for trash removal, the trial court found no evidence of an agreement by Norristown not to collect trash fees from JAR. Accordingly, the trial court concluded Norristown was legally entitled to collect trash fees for the Property regardless of whether JAR used Norristown's trash collection service. The trial court also rejected JAR's claim of an exemption based on the total number of units in all of its properties, observing "there is no support for ruling that because triplexes, duplexes or single units are in close proximity, or 'clustered' these properties are exempt." Tr. Ct. Op. at 4. As to JAR's assertion that it received no notice of the delinquent trash fees, the trial court stated that at the hearing, the evidence included "[e]xhibits showing that delinquency letters for trash fee[s] for the [Property] were sent," and further, "a certified mail

---

[7] At the time the trial court issued its opinion, Rule 1925(a) provided, in pertinent part:
(a) Opinion in support of order.
      **(1)** *General rule.* --Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.
Pa. R.A.P. 1925 (former). The current rule, which became effective October 19, 2019, similarly provides, in pertinent part:
(a) Opinion in support of order.
      **(1)** *General rule.* Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.
Pa. R.A.P. 1925.

receipt for these letters was introduced." Tr. Ct. Op. at 2. The trial court found "Norristown has presented credible evidence that these fees have not been paid, and that proper notices of the delinquencies were sent to JAR." *Id.* at 4.

This appeal by JAR followed.

## II. Issues

JAR raises five issues on appeal,[8] which we paraphrase as follows.

1.      Norristown is not entitled to collect trash fees for properties from which it does not actually remove trash.

2.      The Property should be exempt from Norristown's trash fees because all of JAR's rental properties are in close proximity to each other and contain a total of more than four rental units when aggregated.

3.      Norristown implicitly agreed to JAR's use of a privately contracted trash removal service instead of Norristown's service.

4.      Even if Norristown did not affirmatively consent, it waived past due fees or is estopped from collecting them.

5.      Norristown's lien claims were defective under applicable law.

## III. Discussion

### A. Trash Fees for Properties Not Served

JAR insists Norristown cannot impose trash fees against it because JAR pays for private trash removal service at the Property and does not use the service of Norristown's contractor. This argument is without merit.

---

[8] Our review is limited to a determination of whether the trial court abused its discretion or committed an error of law, whether its findings of fact were supported by competent evidence, and whether constitutional rights were violated. *Allegheny Cty. v. Monzo*, 500 A.2d 1096 (Pa. 1985); *Dreibelbis v. State Coll. Borough Water Auth.*, 654 A.2d 52 (Pa. Cmwlth. 1994); *Shapiro*.

6

This Court has repeatedly held that a municipality may impose trash fees on the owners of all properties in the municipality, including those that do not use the municipality's service and instead contract for private trash removal. *See City of Reading v. Heckman* (Pa. Cmwlth., No. 428 C.D. 2012, filed November 8, 2012), 2012 Pa. Commw. Unpub. LEXIS 845 (unreported)[9] (property owners must pay municipal trash fee, even if they dispose of their trash by other means); *Newberry Twp. v. Stambaugh*, 848 A.2d 173 (Pa. Cmwlth. 2004) (property owner required to pay municipal trash fee regardless of whether he used the service); *Twp. of W. Manchester v. Mayo*, 746 A.2d 666 (Pa. Cmwlth. 2000) (requirement to pay municipal trash fee applies no matter how property owner chooses to dispose of trash).

Further, to the extent JAR complains that it is being charged for a benefit or service it does not receive, we reject that assertion. As this Court explained in *Mayo*, "residents of a municipality are users of the municipality's collection and disposal service regardless of how they choose to dispose of refuse because they receive the benefit from the general disposal system by the collection of refuse from other premises in the community." *Id.* at 671. *Accord* R.R. at 156a (testimony that property contracting privately for trash removal still benefits from Norristown's trash collection service to the municipality because trash is being picked up and the streets are clean).

We agree with the trial court that JAR cannot avoid payment of Norristown's trash fees for the Property merely because JAR contracts for private trash removal instead.

---

[9] Although this opinion is not binding authority, we cite it as persuasive pursuant to this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

## B. Aggregation of Rental Properties for Exemption Purposes

JAR also argues it should be exempt from paying Norristown's trash fees because its properties in Norristown collectively include more than four residential units. Although its various rental properties are separate, and each contains less than four rental units, JAR asserts that the properties are in close proximity to each other and have a combined total of more than four rental units. JAR reasons that all of its rental properties, including the Property, should be considered in the aggregate for purposes of qualifying for an exemption from Norristown's waste removal fee. We disagree.

JAR cites no provision of the Ordinance or other legal authority, and we are aware of none, to support the proposition that a municipality must consider all properties owned by a single entity as one property for purposes of assessing municipal fees or granting exemptions from such fees. Moreover, Norristown observes that JAR never formally requested an exemption from the Ordinance on that or any other basis. JAR does not dispute that observation; nor does JAR cite any authority or assert any argument that Norristown was required on its own initiative to aggregate JAR's various separate rental properties, without a request from JAR, in order to exempt JAR's properties from the municipal trash fee.

Accordingly, we conclude the trial court did not err in determining that JAR could not aggregate its various properties in order to meet the minimum number of units required to qualify for exemption from Norristown's trash fees.

## C. Implied-in-Fact Contract

JAR further asserts that Norristown, by its conduct, consented to JAR's use of a private trash removal contractor. JAR points out that Norristown's trash collector does not provide bins to JAR's properties, all of which have dumpsters

8

provided by Waste Management, Inc. Thus, JAR contends an implied-in-fact contract exists between itself and Norristown that JAR will not be subject to trash fees from Norristown. We find this argument to be without merit.

In support of its contention, JAR cites authorities for the general proposition that an implied-in-fact contract may arise from the parties' conduct. However, JAR cites no legal authority, and we know of none, for the proposition that a municipality enters into an implied contract to exempt a property owner from a municipal service whenever an owner obtains the same service privately and the municipality does not force the property owner to use the municipality's service. To the contrary, as discussed in section A above, the law is clear that a municipality is entitled to collect fees for municipal services, specifically including trash removal services, even from property owners contracting separately for private trash removal. *See Heckman*; *Stambaugh*; *Mayo*.

As JAR itself admits, Norristown has consistently billed JAR for trash removal services to its rental properties, including the Property, on its annual tax bills, and JAR has received those bills. R.R. at 252a. Norristown's billings to JAR for trash removal support the trial court's finding that Norristown's conduct did not create an implied agreement to forgo charging JAR for trash removal from its rental properties. We agree with the trial court's rejection of JAR's assertion that Norristown's conduct established an agreement not to impose trash fees. *Accord Elias v. Elias*, 237 A.2d 215 (Pa. 1968) (lower court's finding concerning existence of implied-in-fact contract is binding unless arbitrary or capricious); *Walters v. Buck Hill Falls Co.* (Pa. Cmwlth., No. 52 C.D. 2019, filed January 10, 2020), 2020 Pa. Commw. Unpub. LEXIS 37 (unreported) (affirming trial court's rejection of

9

implied-in-fact contract where evidence in record undermined any intention of the parties to be bound to the alleged implied agreement).

### D. Waiver or Estoppel

In addition, JAR argues Norristown waived its ability to enforce its liens, or is estopped from doing so, by its delay in asserting, amending, and seeking to enforce the liens. We discern no merit in this argument.

Waiver and estoppel are equitable doctrines. *See Harrington v. Stivanson*, 59 A. 268, 268 (Pa. 1904) ("[e]stoppel is governed by equitable principles"); *Harbor Creek Sch. Dist. v. City of Erie*, 579 A.2d 452, 454 (Pa. Cmwlth. 1990) (referring to "the equitable principles of estoppel, waiver and laches"). The Lien Act, under which Norristown filed its liens against the Property, does not contemplate the application of equitable procedures or principles to municipal liens. *City of Philadelphia v. Perfetti*, 119 A.3d 396 (Pa. Cmwlth. 2015) (*en banc*). The Lien Act creates statutory municipal claims, together with statutory rights to enforce collection of such claims. *Id.* (citing *City of Scranton v. Genet*, 81 A. 335 (Pa. 1911); *Trigona v. Lender*, 926 A.2d 1226 (Pa. Cmwlth. 2007)). Because the lien process is statutory, it is not subject to equitable defenses. *Perfetti* (citing *S. Union Twp. Sewage Auth. v. Kozares*, 320 A.2d 381 (Pa. Cmwlth. 1974)). Therefore, consistent with our analysis in *Perfetti*, equitable principles offer JAR no defense to Norristown's liens.

Indeed, JAR concedes "that equitable defenses are not avaible [sic] in statutory proceedings." Br. of Appellant at 26. JAR suggests, however, that in the event the Lien Act is not applicable, equitable principles may apply. We reject this argument. The Lien Act is plainly applicable to this case, and JAR has not set forth any argument or cited any authority to support its suggestion to the contrary.

10

The trial court correctly rejected JAR's waiver and estoppel defenses.

## E. Purported Defects in Lien Claims

Finally, JAR contends the filed liens contained several defects: (1) the original liens were unsigned; (2) the 2018 liens were still not signed by Norristown's solicitor, but only by Portnoff; (3) the 2018 consolidated and restated liens were not filed until some six years after the first of the original liens; and (4) the liens did not contain a sufficient description of the service provided or the various fees imposed. In addition, JAR suggests that even if the 2018 liens are valid, the defects in the original liens preclude the addition of penalties or interest on those liens prior to 2018. We find these various arguments to be without merit.

### 1. Alleged Defects in Original Liens

JAR alleges various defects in the original liens, including lack of a signature, absence of the Property address on the 2012 lien document, inconsistent mailing addresses for JAR, and failure to state the authority for the liens, the time periods for which they were filed, and the "work" to which the charges applied. Br. of Appellant at 29. These alleged defects are not relevant.

Where a municipal lien has been filed but no writ has been issued seeking to reduce the lien to judgment, the claim may be amended or revived at any time, and the lien will reattach to the property at issue, except as to intervening interests of third party purchasers who had no notice of the lien because of its defects.[10] Section 1 of the 1959 amendment to the Lien Act,[11] 53 P.S. § 7432; *see Perfetti*; *Sanft v. Borough of W. Grove*, 437 A.2d 1332 (Pa. Cmwlth. 1981). Here, there is no dispute that Portnoff filed amended and consolidated liens before filing a writ to reduce them

---

[10] No intervening interests are averred here.

[11] Act of September 23, 1959, P.L. 955, *as amended*, 53 P.S. § 7432.

11

to judgment. Therefore, only the defects, if any, in the amended lien filings can affect the enforcement of the liens.

### 2. Alleged Defects in Amended and Consolidated Liens

JAR also contends that despite the filing of amended liens by Portnoff, some defects remain. The alleged remaining defects, however, do not preclude Norristown's enforcement of the liens.

### a. Portnoff's Signature

Section 10 of the Lien Act requires the signature of the municipality's chief executive officer or its solicitor on a filed lien. 53 P.S. § 7144. JAR concedes that Portnoff is Norristown's agent for collection of the liens, but insists the signature of a Portnoff attorney is insufficient to comply with the Lien Act because Portnoff is not Norristown's solicitor. Norristown argues, and JAR concedes, that it did not raise this issue before the trial court. Therefore, it is waived. *See* Pa.R.A.P. 302(a).

Moreover, as Norristown correctly points out, the Ordinance expressly provides that Norristown's contracted agent for collection of delinquent accounts constitutes its solicitor for collection purposes. R.R. at 30a. Therefore, Portnoff's signature on the lien documents constitutes the signature of Norristown's solicitor for purposes of the liens, and it complies with the Lien Act.

### b. Delay in Filing

A municipal lien arises by operation of law as soon as a municipal charge is assessed, whether or not a lien claim is filed. *See* 53 P.S. § 7106(a)(1); *N. Coventry Twp. v. Tripodi*, 64 A.3d 1128 (Pa. Cmwlth. 2013); *Borough of Ambler v. Regenbogen*, 713 A.2d 145 (Pa. Cmwlth. 1998). Moreover, under Section 1 of the 1959 amendment to the Lien Act, there is no time limit on amending a defective municipal lien; an amended municipal lien claim may be filed *at any time* after the

12

charges at issue are first payable. 53 P.S. § 7432. Thus, once an amended notice of the lien is filed, the lien is valid and enforceable except as against intervening rights and interests such as those of purchasers of the property without notice of the lien. *See* 53 P.S. § 7432; *Heckman* (citing *Keller v. Scranton City Treasurer*, 29 A.3d 436 (Pa. Cmwlth. 2011)); *Sanft*.

JAR has owned the Property since 1990. It is not an intervening owner that purchased the Property after filing of the original liens and without notice of them. Therefore, despite JAR's arguments that the original filed liens were defective and that it did not receive notices of the liens until after they were amended and consolidated in 2017, JAR is obligated to pay the fees reflected in the amended liens. *Heckman*.

### c. Descriptions of Services Provided and Fees Imposed

JAR avers, without detail or support, that the amended lien filings do not describe with accuracy the "work" performed for which the claims were filed. Br. of Appellant at 30. A review of the amended liens, however, reveals that each expressly states the charges are for "trash fees" and states the service year of the delinquency. *See* R.R. at 103a, 105a, 107a, 109a, 111a, 113a. JAR neither cites any authority nor provides any explanation of why this description is inadequate. We find the amended liens sufficiently identify the services provided. *See Forest Cty. Solid Waste Auth. v. Certain Parcels of Land (No. 2)*, 72 Pa. D. & C.2d 345 (1975) (description stating lien claim was for collection of refuse between two dates was sufficient); *cf. City of Philadelphia v. Steward*, 31 Pa. Super. 72 (1906) (lien claim was insufficient where it was so vague that it left doubt whether work done was to repair a sidewalk or install a sewer connection).

13

JAR further suggests the lien claims failed to delineate sufficiently the fees charged. Notably, the Lien Act does not require an itemization of the components of a fee to be set forth in a lien claim. *See* 53 P.S. § 7144. Perhaps recognizing this, JAR couches its argument concerning the fee components in terms of the description of the services performed. JAR cites no authority, and we are aware of none, requiring a lien claim to set forth and describe separately each individual component of the fee subject to a lien claim.

JAR suggests, however, that the 10% penalty added to the principal amount of each lien was not authorized by the Lien Act. JAR reasons that the Lien Act authorizes collection of "charges" but not "penalties." Br. of Appellant at 30 (citing 53 P.S. § 7106(a)(1)).

Section 3 of the Lien Act provides that municipal claims are a lien on the property served, "together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees. . . ." 53 P.S. § 7106(a)(1). Norristown's ordinance provides for a 10% penalty on trash fees more than 120 days delinquent. R.R. at 33a. JAR fails to support its argument against imposition of the penalty with an explanation or citation of authority sufficient to allow meaningful review on appeal. Therefore, it is waived. *Commonwealth v. Bishop*, 217 A.3d 833 (Pa. 2019).

### 3. Penalties and Interest on Original Liens

In its reply brief, JAR asserts, without elaboration, that because there were alleged defects in the original claims, it was unreasonable for Norristown to assess penalties and interest on the original as well as the amended claims. This claim is waived because it was first presented in a reply brief. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999) (appellant may not raise new issue in reply brief (citing

14

Pa.R.A.P. 2113)); *Chambersburg Area Sch. Dist. v. Dorsey*, 97 A.3d 1281 (Pa. Cmwlth. 2014) (same). Further, it is waived because JAR has failed to provide sufficient explanation or citation to authority to allow meaningful review by this Court. *Bishop*.

## IV. Conclusion

Based on the foregoing discussion, we conclude the trial court correctly granted judgment in favor of Norristown and against JAR. We therefore affirm the trial court's order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Municipality of Norristown      :
                          :
       v.                   :    No. 917 C.D. 2019
                          :
JAR Investments, Inc.,       :
            Appellant     :

# **O R D E R**

AND NOW, this 4th day of May, 2020, the order of the Court of Common Pleas of Montgomery County is AFFIRMED.

_____
ELLEN CEISLER, Judge